■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR LEO BERG, Appellant.—Judgment of the County Court, Suffolk County, rendered November 3, 1975, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRYANT, Also Known as GABRIEL CHASE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 13, 1974, convicting him of attempted robbery in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. Defendant was not deprived of his right to a speedy trial. In computing the time to be excluded from the six-month period set forth in CPL 30.30, a reasonable period for the trial of other charges must be included (CPL 30.30, subd 4, par [a]). Defendant was indicted separately for robbery and murder. Within six weeks of the conviction on the murder indictment, the District Attorney was ready for trial on the robbery indictment herein. The period of time for the trial of the murder charge was not unreasonable after considering the factors in *People v Taranovich* (37 NY2d 442). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH CAHILL and BRIAN DUBLYNN, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County, dated May 14, 1976, which, *inter alia,* upon inspection of the Grand Jury minutes, dismissed the indictment. Order reversed, on the law, defendants' motion denied insofar as it sought dismissal of the indictment, and indictment reinstated. The evidence presented to a Grand Jury must be the equivalent of prima facie proof that the crime charged has been committed *(People v Peetz,* 7 NY2d 147, 149; accord *People v Mayo,* 36 NY2d 1002; *People v Haney,* 30 NY2d 328, 335–336). The evidence before the Grand Jury on the instant indictment meets the requisite legal standard. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY CHERRY, Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Kings County, rendered December 11, 1973, convicting him of robbery in the first and second degrees, burglary in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence and (2) from a judgment of the same court, rendered December 27, 1973, convicting him of violation of probation, after a hearing, and imposing sentence. Judgments affirmed. In view of the fact that the testimony, the receipt of which is now urged as error, went in without objection, and the further fact that the penny jar mentioned therein was never received in evidence, there was no reasonable probability that the error might have contributed to defendant's conviction (see *People v Crimmins,* 36 NY2d 230). The objection to the receipt of the testimony and the motion for a mistrial, based thereon, came too late. Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.