■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE STANTON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 8, 1978, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial. Judgment reversed, on the law, defendant's motion to dismiss the indictment granted, indictment dismissed, and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The principal issue on the appeal is whether the 23-month interval between the defendant's arrest and trial violated his right to a speedy trial. On January 28, 1977 appellant, his wife and another woman were indicted for criminal possession of stolen property in the second degree on charges that on May 5, 1976 they possessed stolen items of clothing with an aggregate value of more than $250. Appellant's motion to dismiss the indictment on speedy trial grounds was denied on March 23, 1978, after a hearing. At the trial, which commenced on March 27, 1978, three police officers testified that on May 5, 1976, in the Green Acres Shopping Center in Nassau County, they maintained close watch over the occupants of a green Plymouth automobile for approximately one hour during which the police observed the following conduct. The car was driven by a male, the defendant was a passenger in the front seat and two women occupied the rear. After the car was parked in the parking field, the two women, each appearing to be "thin", entered the shopping mall while the two men remained with the car. Five or ten minutes later, the women returned, each appearing pregnant, and re-entered the car. The car was then moved to another parking space. This pattern was repeated a number of times. On one occasion an officer, with the aid of binoculars, saw clothing passed from the rear seat to the front and back to the rear. As the car was about to leave the shopping center, it was stopped by the police who placed the four occupants under arrest. The driver of the vehicle was one Thurman Mallette. Inside the car, wedged between the front and back seats, there was an open plastic trash bag containing new items of women's clothing with the price tags attached. Thereupon, the police returned the clothing to the indicated stores where store personnel identified the items as store merchandise which had not been paid for. The total value of the items returned exceeded $250. The following day, May 6, 1976, a felony complaint was issued. As developed in testimony at the hearing on the speedy trial motion, the defendant failed to appear for a scheduled conference on June 15 and a bench warrant was issued for his arrest. After initially deciding that the case should be prosecuted as a misdemeanor, on October 20, 1976 the District Attorney's office concluded that the case could be prosecuted as a felony if Thurman Mallette, the driver of the green Plymouth automobile, would testify for the People. (Mallette pleaded guilty to criminal possession of stolen property in the third degree and had been fined.) A check of the records disclosed that a bench warrant was issued for Mallette's arrest when he did not appear to pay his fine. Mallette was located in the Nassau County Jail on Janaury 14, 1977, the case was presented before the Grand Jury on January 27, 1977 and the indictment was returned on January 28, 1977. The defendant was arrested in New York County on unrelated charges on January 25, February 9, August 12 and November 10, 1977, but he was not arraigned on the

indictment until December 5, 1977. With certain exceptions not relevant here, a motion to dismiss the indictment on the ground that the defendant has been denied his right to a speedy trial (CPL 210.20, subd 1, par [g]) "must be granted where the people are not ready for trial within: (a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony" (CPL 30.30, subd 1, par [a]). The statute provides that in computing the six-month period within which the People must be ready for trial, certain "periods must be excluded" (CPL 30.30, subd 4). The instant criminal proceeding commenced with the filing of the felony complaint on May 6, 1976 (CPL 100.05, subd 5). The Trial Judge found, and it is not disputed, that an adjournment to June 15, 1976 was at the defendant's request. Accordingly, under the statute, this period must be excluded as a "period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30, subd 4, par [b]). However, the period from June 15, 1976, when the bench warrant was issued, to January 28, 1977, when the indictment was returned, is not excludable under the statute as a "period of delay resulting from the absence or unavailability of the defendant" (CPL 30.30, subd 4, par [c]) since the finding of the indictment was in no way impeded or prevented by the defendant's absence (see *People v Sturgis*, 38 NY2d 625, 628). The District Attorney concedes that the delay between June 15 and October 20, 1976, the date on which it was decided to seek a felony indictment of the defendant on Mallette's testimony, is properly chargeable to the People. However, the People contend that the period from October 20 to January 14, 1977, the date on which Mallette was arrested, should be excluded as having been occasioned by "exceptional circumstances" within the meaning of the statutory exception for "other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people's case and additional time is justified by the exceptional circumstances of the case" (CPL 30.30, subd 4, par [g]). The People claim that the determination that Mallette's testimony was essential to the presentment to the Grand Jury was a matter properly left to the discretion to the prosecution and that the People's failure to request a continuance is not fatal to their position. This argument would have more weight if this case involved not merely pre-indictment delay but *pre-accusatorial* delay (see *People v Bryant*, 65 AD2d 333). In a case involving *postaccusatorial* delay (seven months between indictment and arrest), the Court of Appeals has said *(People v Washington*, 43 NY2d 772, 774): "Statutory examples of exceptional circumstances would entail at least probable availability of new evidence within a reasonable period of time, and a justified need for additional time to prepare the People's case. The statutory exception, then, if it is to be given reasonable effect and it is to fulfill the legislative purpose, must be limited to instances in which the prosecution's inability to proceed is justified by the purposes of the investigation and credible, vigorous activity in pursuing it." Evidence presented to a Grand Jury must be the equivalent of prima facie proof that the crime charged has been committed *(People v Cahill*, 54 AD2d 736). Reviewing the circumstances of this record,

the occupants of the green Plymouth automobile were under surveillance by three police officers stationed in the shopping center for approximately one hour during which the two women were apparently engaged in shoplifting. The automobile was stopped and its four occupants arrested as they were about to leave the area. The merchandise found in the car in a plastic trash bag was promptly identified by store personnel. There was no representation that the three police officers and the three store representatives who testified at the trial were not available to the People before January 27, 1978, the date the case was presented to the Grand Jury, and their testimony before the Grand Jury would have been prima facie proof that the crime charged, criminal possession of stolen property in the second degree, had been committed. We note that Mallette did not testify at the trial. Under these circumstances, the prosecution's claimed "inability to proceed" before January 14, 1977 because of Mallette's unavailability was not "justified by the purposes of the investigation" and the delay does not fall within the statutory exception for "exceptional circumstances" (see CPL 30.30, subd 4, par [g]; *People v Washington, supra*). The People are therefore chargeable with the seven and one-half month delay from June 15, 1976 to Janaury 28, 1977 and the motion to dismiss the indictment must be granted. In arriving at our determination, we have not considered the People's failure to request a continuance (see *People v Goodman,* 41 NY2d 888; *People v Kent,* 87 Misc 2d 69, 71). Although it is not necessary to our determination, we call attention to the 10-month delay between the indictment and the defendant's arraignment and note that the People do not appear to have exercised "due diligence" in either determining the defendant's location or obtaining his presence for trial (see CPL 30.30, subd 4, par [c]). We have considered the appellant's remaining arguments and find no merit in them. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.