■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAREN MEIERDIERCKS, Respondent. — Appeals by the People (1) from an order of the County Court, Westchester County (Nicolai, J.), entered November 28, 1983, which dismissed the defendant's indictment on the ground that she was denied her statutory right to a speedy trial pursuant to CPL 30.30, and (2) as limited by its brief, from so much of an order of the same court, entered February 9, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order entered November 28, 1983, dismissed. That order was superseded by the order entered upon reargument.

Order entered February 9, 1984, affirmed insofar as appealed from.

A felony complaint was filed on October 27, 1982 with the Village Court of the Village of North Tarrytown charging defendant with the crime of grand larceny in the second degree. Specifically, defendant was charged with the theft of an insurance company check in the sum of $6,829.06 made out to herself and three others in settlement of a claim under defendant's homeowner's insurance policy.

Defendant was taken into custody on January 19, 1983, and appeared for arraignment on the following day. The arraignment, however, was adjourned until February 3, 1983 and defendant was released on her own recognizance. On February 3, 1983, defendant finally was arraigned on the felony complaint and the matter was adjourned to March 3, 1983 for purposes of conducting a felony hearing. On March 3, the matter was adjourned further until August 25, 1983.

On August 18, 1983, one week prior to the adjourned date for the felony hearing, the People presented the case to the Grand Jury, and an indictment was filed on September 1, 1983. The felony hearing was, of course, not held. Defendant was thereafter arraigned on the indictment on September 14, 1983, at which time, following her plea of not guilty, the People announced their readiness for trial. By notice of motion returnable November 14, 1983, defendant moved, *inter alia,* for an order dismissing the indictment pursuant to CPL 30.30 (1) (a) on the ground that the People failed to announce their readiness for trial within six months of the filing of the felony complaint.

By order entered November 28, 1983, the County Court granted defendant's motion and dismissed the indictment. By a subsequent order entered February 9, 1984, upon reargument, the court adhered to its original determination. We conclude that the County Court was correct.

It is well established that where a defendant is accused of one or more offenses, at least one of which is a felony, a motion to dismiss the indictment must be granted where the People are not ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]; 210.20 [1] [a]). In the instant case, the criminal action was commenced on October 27, 1982, when the felony complaint was filed (*People v Osgood,* 52 NY2d 37). Thus, there was a delay of nearly 11 months from the time the felony complaint was filed until the People announced

their readiness for trial on September 14, 1983. Once a defendant has shown a delay of greater than six months, as here, the People bear the burden of showing that certain periods of time should be excluded (*People v Berkowitz,* 50 NY2d 333). It is clear that the nearly three-month period between the filing of the felony complaint on October 27, 1982 and defendant's arrest on January 19, 1983 is chargeable to the People. While there is some dispute as to who is chargeable with the periods between January 20 and March 3, 1983, and there is a question as to who is responsible for the delay between the adjourned date of the felony hearing (Aug. 25, 1983) and the date upon which defendant was arraigned and the People indicated their readiness for trial (Sept. 14, 1983), the crucial issue to be decided is on whose shoulders must fall the over five- and one-half-month period between March 3, 1983 and August 25, 1983. We agree with the County Court that the People must bear the burden for such delay.

In order to be chargeable to defendant, this preindictment delay must be shown to have been attributable to her and to have impeded or prevented an indictment (*People v Klaus,* 104 AD2d 566; *see also, People v Sturgis,* 38 NY2d 625). The extended adjournment in this case was initiated by the local criminal court and was not consented to by defendant. Further, it is clear that in no way did the actions of the local criminal court impede or prevent the People from securing an indictment. This is borne out by the fact that the People presented this matter to the Grand Jury on August 18, 1983, prior to the August 25 adjourned date for the felony hearing. Indeed, the People state that the decision to seek an indictment was made in May 1983 and the case was prepared for presentation during June and July. Thus, we find on this record that the delay in question must be charged to the People and, accordingly, the indictment was properly dismissed. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.