■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL MEYERS, Also Known as DANNY DIMES, and JOSEPH FOTI, Respondents.—Appeal by the People from an order of the County Court, Westchester County (Nicolai, J.), entered June 25, 1984, which granted defendants' motions to dismiss the indictment against them on the ground that they had been denied their statutory right to a speedy trial pursuant to CPL 30.30.

Order affirmed.

As a general rule, when a defendant stands accused of one or more offenses, at least one of which is a felony, the indictment must be dismissed unless the People are ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]; 210.20 [1] [g]; *People v Kendzia,* 64 NY2d 331, 336; *People v Berkowitz,* 50 NY2d 333, 348; *People v Meierdiercks,* 111 AD2d 769). In this case, the criminal action was commenced on or about August 6, 1982 with the filing of a felony complaint (CPL 1.20 [1], [17]; *People v Osgood,* 52 NY2d 37; *People v Meierdiercks, supra),* and the People announced their readiness for trial on or about July 5, 1983, approximately 11 months later.

Once the accused has established the existence of a delay exceeding six months, the burden is upon the prosecution to prove that certain periods of time should be excluded in computing the time within which the People must be ready for trial (CPL 30.30 [4]; *People v Kendzia, supra,* at p 338; *People v Berkowitz, supra,* at p 349; *People v Russo,* 99 AD2d 498; *People v Meierdiercks, supra).* Among the periods of time that are, upon sufficient proof, excludable are "periods of delay occasioned by exceptional circumstances" (CPL 30.30 [4] [g]; *People v Daniel P.,* 94 AD2d 83, 85).

In this case, the People contend that the delay was primarily attributable to the unavailability of two key prosecution witnesses who, by reason of threats and intimidation, were unwilling to testify before the Grand Jury until March 1983. However, based upon the evidence adduced by the prosecution at the speedy trial hearing, we agree with the County Court that the People did not sustain their burden of establishing that this period of delay was excludable. Although there was evidence that law enforcement officials contacted these witnesses from time to time during the period in question, the record fails to demonstrate that the People attempted with due diligence to make the recalcitrant witnesses available *(see, People v Zirpola,* 57 NY2d 706, 708; *People v Lowman,* 102 AD2d 896, 897). There was simply no evidence of the type of "credible, vigorous activity" necessary to enable the People to invoke the "exceptional circumstances" exception (CPL 30.30 [4] [g]; *People v Washington,* 43 NY2d 772, 774; *People v Warren,* 85 AD2d 747, 748). To the contrary, it appears that the prosecutors, relying upon their subjective assessment that the witnesses were in fear and unwilling to testify, merely allowed the status quo to continue for more than seven months after the commencement of the criminal action and

more than six months after dismissal of the felony complaint, without taking any affirmative steps to secure the witnesses' appearance before the Grand Jury. In particular, it is uncontroverted that the witnesses were never subpoenaed to testify before the Grand Jury until on or about March 11, 1983, and it is significant that the witnesses obeyed these subpoenas and testified against these defendants several days thereafter.

Moreover, there was a further failure of proof with respect to the delay of more than three months between the witnesses' Grand Jury appearance and the date on which the People finally announced their readiness for trial.

Because the People failed to establish that the period of time in question, or a sufficient portion thereof, was excludable on the basis of exceptional circumstances, we must conclude that defendants' statutory right to a speedy trial was violated, and the order which dismissed the indictment against them must therefore be affirmed. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.