OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant is charged with Penal Law §§ 120.00 (assault in the third degree) and 240.25 (harassment).
*559 By a motion dated May 19, 1987, the defendant moves for dismissal of the accusatory instrument pursuant to CPL 170.30 and 30.30, the speedy trial statute.
Appearing pursuant to a desk appearance ticket, the defendant was arraigned July 24, 1986. In accordance with CPL 30.30 (1) (b) and (5) (b), the People were required to answer ready for trial within 90 days of that date and maintain their readiness thereafter, excluding allowable periods of delay described in CPL 30.30 (4) (a)-(h) and (3) (b). (See, People v Anderson, 66 NY2d 529 [1985].)
The People and defendant agree as to the chargeability under CPL 30.30 of all adjournment periods with the exception of the adjournment period of March 26, 1987 to April 24, 1987. The adjournment periods chargeable to the People that are not in dispute are as follows:
July 24, 1986 to September 3, 1986 41 days
November 12, 1986 to December 3, 1986 21 days
December 10, 1986 to December 17,1986 7 days
Total - 69 days
The chargeability of the adjournment period of 29 days between March 26, 1987 to April 24, 1987 is in issue and is determinative of this motion.
The events prior to the adjournment period in question are relevant to the decision. On December 17, 1986 a Wade hearing was held and suppression denied. The case was adjourned to January 23, 1987 at the defendant’s request. Although the People answered ready on that date, the defense requested an adjournment to February 19, 1987 to obtain the Wade hearing minutes. On February 19, 1987, the People again answered ready, but the Wade hearing minutes were still unavailable. The case was again adjourned at the defendant’s request. However, on the adjourned date, March 26, 1987, the People were not ready, because an eyewitness was in the hospital.
The Assistant District Attorney, as reflected in the minutes of March 26, 1987, reported that the People had "subpoenaed all the witnesses” but that an eyewitness, characterized as "critical” to the case, was hospitalized in "fair” condition. This information was verified by a telephone call to the hospital the day before by the assistant. The assistant was not sure how long the eyewitness would be hospitalized and asked for a two-week adjournment. The court granted the assistant’s request to exclude the adjournment period, because it was an *560 "exceptional circumstance under the 30.30 statute.” Defense counsel objected to this ruling, stating that the People "have an obligation to present their witnesses”.
It is not clear from the transcript, nor does it matter for purposes of this decision, whether the adjournment period was excluded pursuant to CPL 30.30 (3) (b) or (4) (g) (i), both of which, in pertinent part, provide for excluding periods of delay due to "exceptional circumstances” including "unavailability of evidence material to the people’s case” where "the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period” (emphasis supplied).
On the adjourned date of April 24, 1987, the People answered ready even though they were not after diligent efforts able to locate this witness subsequent to the witness’s release from the hospital. Nevertheless, the People, as asserted in their papers, answered ready because they "had no alternative but to proceed in his absence.”
The defendant in this motion now contends that because the People were able to answer ready on April 24, 1987 without this witness being available, the adjournment period from March 26, 1987 should now be charged to them.
At the outset, this court is not unmindful of People v Wilson (119 AD2d 843 [2d Dept 1986]). In that case a two-month adjournment requested by the defense was granted and ruled to be excluded from CPL 30.30. However, on the defendant’s speedy trial motion, before another Judge, the second Judge reconsidered this ruling and charged the People with the two-month period, which put the People over their limit of chargeable time. On appeal it was held that the second Judge should not have reconsidered the original decision of a Judge of coordinate jurisdiction to exclude the time and, furthermore, it was held that the People had the right to rely on the ruling of the first Judge that the time would be excluded.
In contrast, this motion does not require me to review the issues determined by the Judge who excluded the adjournment period of March 26, 1987 to April 24, 1987. Rather, this motion concerns the separate legal question of whether the events occurring subsequent to that decision, i.e., the continued unavailability of that witness and the People’s assertion that they are ready for trial in spite of that witness’s absence, retroactively transforms an excludable period into a period that is instead chargeable to the People.
*561 As previously noted in the emphasized quoted language from CPL 30.30, the unavailability of evidence "material” to the People’s case may entitle the resulting adjournment to be excluded from chargeable time. Without doubt, an eyewitness to the alleged assault and harassment in this case possesses "material” evidence. (See, CPL 620.20 [1] [a].) Thus, the adjournment requested in good faith because of that witness’s hospitalization was properly excluded. (People v Goodman, 41 NY2d 888 [1977].)
There is no requirement in the speedy trial statute that the unavailable evidence be either "critical” or "essential” to the People’s case before excluding the adjourned period. Indeed, for such a determination to be made, the unavailable evidence would have to be weighed against the available evidence, thus requiring the People to make a pretrial offer of proof of their entire case. Rather, CPL 30.30 merely requires that the unavailable evidence be "material”.
In contrast, where the Criminal Procedure Law requires that the People assert that their case will rise or fall on their ability to introduce particular evidence, specific language to that effect is used. CPL 450.50 (1) requires that for the People to appeal from an order suppressing evidence, they must file a statement asserting that without the suppressed evidence, their case is either (a) "insufficient as a matter of law” or (b) "so weak in its entirety that any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed.”
Further, CPL 450.50 (2) provides that where such a statement is filed, the case cannot be brought to trial upon the remaining evidence unless the People’s appeal taken from the suppression order is successful. (See, Matter of Forte v Supreme Ct., 48 NY2d 179 [1979].)
There is no corresponding all-or-nothing gamble required by CPL 30.30. The People may assert that unavailable evidence is "material” and thus obtain an exclusion of CPL 30.30 time without being subsequently required to obtain that evidence at trial or retroactively forfeit the exclusion.
In fact, such a requirement would prevent some CPL 30.30 speedy trial motions pursuant to CPL 170.30 (1) (e) from being made prior to trial, in contravention of CPL 170.30 (2), because any failure of the People at trial to introduce evidence previously ruled to be "material” could call for midtrial litigation of adjournments previously ruled to be excludable under CPL 30.30 (3) (b) and (4) (g) (i).
*562 It appears that at the time of the witness’s hospitalization, the People actually intended to use that witness at trial and did not use the unavailability of that witness to obtain an adjournment for other reasons. This is borne out by the People’s subsequent diligent efforts to find the witness. While these efforts would not substitute for the due diligence required to obtain exclusion on the original adjournment, they show that the People actually intended to call that witness.
The defendant’s reliance on People v Stanton (71 AD2d 932 [2d Dept 1979]) does not support his argument. In Stanton, the People sought to justify 3 months of an 8-month delay between the defendant’s arrest and indictment by claiming that after the defendant’s arrest they decided to use as a Grand Jury witness a former codefendant who had pleaded guilty to a misdemeanor but were delayed because the codefendant was a fugitive. They claimed the absence of the codefendant constituted "exceptional circumstances”, pursuant to CPL 30.30 (4) (g). The Second Department rejected this claim for several reasons: (1) The prosecution had several other witnesses available to make out a prima facie case to the Grand Jury; (2) at the time the decision was made to use the fugitive codefendant there was no expectation that he would become available within a reasonable period; and (3) the People’s decision to use the codefendant as a witness was apparently an afterthought made five months after the defendant’s arrest.
Because the case at bar involves a trial where the People’s burden of proof is greater than in the Grand Jury, and the unavailable eyewitness was shown to be temporarily unavailable and within the control of the People at the time of the requested adjournment, this case is distinguishable from Stanton (supra).
Similarly, the other cases cited by the defendant, People v Lowman (102 AD2d 896 [2d Dept 1984]) and People v Meyers (114 AD2d 861 [2d Dept 1985]), are not controlling. In Low-man, the People could not show they made diligent efforts to make a witness who was fearful available to testify in the Grand Jury. Likewise in Meyers, also involving Grand Jury rather than trial delay, the People did not show diligent efforts to make recalcitrant witnesses available. In contrast, the witness in the case at bar was hospitalized on the date scheduled for trial, and thus, there was nothing the People could do to make the witness available on that date. Since on the two prior adjourned dates the People had been ready for *563 trial but the trial was adjourned at the defense’s request due to the absence of Wade hearing minutes, the lack of prosecutorial diligence found in Stanton (supra), Lowman and Meyers is not present in this case.
In sum, it is the conclusion of this court that the subsequent unavailability of the eyewitness and the People’s readiness to proceed to trial, in the absence of that witness does not render the adjournment period previously excluded from CPL 30.30 computation based on the hospitalization of that witness chargeable to the People.
Therefore, the defendant’s motion is denied.