OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed.
Lengthy postreadiness delays attributable to defendant do not constitute an "exceptional fact or circumstance” within the meaning of CPL 30.30 (3) (b) sufficient to excuse adjournments resulting from the trial assistant’s planned European vacation. Such an adjournment, here amounting to 28 days, is clearly chargeable to the People (see, e.g., People v Warren, 85 AD2d 747 [shortage of personnel]; People v McCaffery, 78 AD2d 1003 [illness of prosecutor]), especially, as here, where the record suggests that another trial assistant could have been substituted.
Nor do defendant’s postreadiness delays, even though totaling some 17 months, constitute an exceptional circumstance within the meaning of CPL 30.30 (3) (b). "[I]t is the People’s *719 delay alone that is to be considered, except where that delay directly 'results from’ action taken by the defendant” (People v Anderson, 66 NY2d 529, 536). Here, although defendant was responsible for substantial periods of postreadiness delay, the People were also chargeable with 164 days of prereadiness delay, and there simply is no causal relationship between defendant’s postreadiness delay and the trial assistant’s vacation; nor is there any claim of bad faith on defendant’s part. The People are, thus, chargeable with 192 days delay (164 plus 28), which exceeds the six months allowed by CPL 30.30 (1) (a).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.