■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL POMALES, Appellant.—Judgment of the Supreme Court, New York County (Jerome Hornblass, J.), rendered June 17, 1988, convicting defendant of five counts of criminal possession of stolen property in the fourth degree and sentencing him to an indeterminate term of imprisonment from 22 to 44 months, is unanimously affirmed.

The People were timely ready for trial under CPL 30.30. Defendant was arraigned on the felony complaint on April 28, 1987. He twice successfully moved for dismissal of the indictment. After the second indictment was dismissed, the prosecutor moved to reargue. Disposition of that motion consumed 36 days. After the third indictment was filed, the complaining witness underwent surgery and chemotherapy for throat cancer and then recuperated in Florida for a time. Fifty-four days of his unavailability are disputed on this appeal.

The time which elapsed in the course of the prosecutor's motion to reargue was excludable under CPL 30.30 (4) (a). The motion involved defendant and is indistinguishable from the

illustrative proceedings outlined in subdivision (4) (a). There can be only one criminal action for each set of criminal charges *(People v Lomax,* 50 NY2d 351), and the obligation to obtain the proper accusatory instrument is the prosecutor's alone. However, the delay occasioned by the motion was not open-ended as in *People v Sturgis* (38 NY2d 625) and *People v Colon* (59 NY2d 921). The prosecution's motion was subject to the court's control *(People v Worley,* 66 NY2d 523), and while the time used to obtain an indictment is, absent some reasonable ground, ordinarily chargeable to the People *(see, People v Bratton,* 65 NY2d 675, *affg for reasons stated in* 103 AD2d 368), subdivision (4) (a) anticipates that some delay will result from proceedings initiated by the prosecution. Moreover, the complaining witness's unavailability was excludable under subdivision (4) (g). Although there was a break in communication between the complaining witness and the District Attorney when the complaining witness went to Florida to recuperate, there is no basis for finding that the prosecutor doubted his ultimate availability. Finally, as to defendant's remaining contention, that the court's charge with respect to his decision not to testify was erroneous, this issue is unpreserved as a matter of law *(People v Autry,* 75 NY2d 836 [1990]) and we therefore decline to reach it. However, were we to consider this matter in the interests of justice, we would nevertheless affirm, finding it to be without merit. Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.