OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendants are charged with two counts of criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01, possession of a gambling device, in violation of Penal Law § 225.30, promoting gambling in the second degree, in violation of Penal Law § 225.05 and criminal posses *56 sion of stolen property in the fifth degree, in violation of Penal Law § 165.40.
The defendants moved to dismiss the instant information on the ground that they were denied their statutory right to a speedy trial pursuant to CPL 170.30 and 30.30, in that more than 90 days chargeable to the People have elapsed since the commencement of the criminal action.
In a decision of the court dated April 9, 1991, issued by Judge Blumenfeld, it was ordered that a minimum of 76 days were to be charged to the People as nonexcludable time. The court further ordered that a hearing be held pursuant to People v Zirpola (57 NY2d 706) to determine whether the 21-day period between January 30 and February 20 should be excluded as a period of delay occasioned by exceptional circumstances pursuant to CPL 30.30 (4) (g).
A CPL 30.30 hearing was conducted before me on April 18, 1991, and I give full credence to both officers who testified.
The facts are uncontroverted. Police Sergeant Joseph Monahan was informed by the People that he was needed to testify in court for a Mapp hearing to be held on January 30, 1991. On January 18, 12 days prior to January 30, Sergeant Monahan’s seven-month-old daughter was admitted to St. Vincent’s Hospital on Staten Island. She was diagnosed with spinal meningitis, a sometimes fatal disease. Sergeant Monahan was informed that his child’s condition was critical and that she could die. The child remained in St. Vincent’s Hospital until her release on February 2, 1991, at which time her condition had been successfully treated. During his daughter’s hospitalization, Sergeant Monahan was unable to perform his regular duties. He was assigned to a late shift with light duties. He spent 12 hours each day with his daughter in the hospital.
Sergeant Monahan notified the People sometime between January 18 and January 30 that he would be unavailable to testify on January 30 due to his daughter’s illness and the fact that he was with his daughter for 12 hours each day in the hospital. On January 30, in court, the People answered "not ready.” The People explained that their witness for the Mapp hearing was unavailable because his daughter was hospitalized with spinal meningitis. The Judge asked the People if the witness gave the People "a good date.” The People responded, "No, he did not. Three weeks, the twentieth of February.” The court then stated "time is charged to the People.”
The issue currently before the court is whether the 21-day *57 adjournment requested by the People may be excluded on the basis that the serious illness and hospitalization of Sergeant Monahan’s daughter constitutes an exceptional circumstance justifying an exclusion of that period for the purposes of CPL 30.30. This court holds that such a serious illness and hospitalization may be deemed an exceptional circumstance, justifying the absence of the witness. However, the People, in this case, failed to exercise due diligence in obtaining the witness after his "exceptional circumstance” had resolved.
The legislative intent in passing CPL 30.30 was to promote speedy trials; it imposes upon the People a strict standard of diligence with respect to all matters fundamental to the prosecution of a criminal case. (People v Osgood, 52 NY2d 37 [1980].) However, when a delay in prosecution is due to exceptional circumstances, that delay is excludable for CPL 30.30 purposes. (CPL 30.30 [4] [g].) Unavailability of a prosecution witness has been held to be an exceptional circumstance justifying prosecutorial delay.
As stated in People v Zirpola (57 NY2d 706, 708 [1982], supra): "The unavailability of a prosecution witness may be a sufficient justification for delay * * * provided that the People attempted with due diligence to make the witness available”. The burden of proof is on the People to establish whether exceptional circumstances existed making the witness unavailable and that the People exercised due diligence in obtaining the witness’ presence. (People v Berkowitz, 50 NY2d 333 [1980].)
In the instant case, the People have established that their witness was unavailable on January 30, 1991 due to exceptional circumstances, to wit: the serious illness and hospitalization of his daughter. Furthermore, the court agrees that this witness was necessary to the People’s case. However, the People failed to establish that they exercised due diligence in obtaining the presence of the witness once he became available.
It is clear that serious illness of a witness justifies an excludable delay under CPL 30.30 (4) (g). (See, e.g., People v Pomoles, 159 AD2d 451 [1990].) Similarly, it is the holding of this court that a potentially fatal serious illness and hospitalization of a witness’ child, where the witness is so distraught that he is unable to perform his regular duties, is a justifiable delay pursuant to CPL 30.30 (4) (g).
It is also well settled that the People must exercise due *58 diligence in obtaining the presence of a witness once that witness becomes available. (People v Zirpola, 57 NY2d 706 [1982], supra; People v Pomales, 159 AD2d 451 [1990], supra.) The same rule applies when the witness is unavailable as a result of his child’s illness. The record in the instant case shows that the People requested a three-week adjournment on January 30, 1991 due to the fact that the People’s witness’ daughter was in the hospital with spinal meningitis. At that time the People were unaware of a "good date” for the police officer. The presiding Judge granted the adjournment and stated that the time would be charged to the People. While that determination is not binding (People v Berkowitz, 50 NY2d 333 [1980], supra), it serves to indicate that the People were on notice that the three weeks could be charged to them. Despite that notice and the age of the case, the People did not aggressively pursue the presence of their witness. The People should have established a line of communication with Sergeant Monahan in which the sergeant could have reported his status on a daily basis. This communication could have taken place during the sergeant’s working hours. The facts proved at hearing indicate that Sergeant Monahan’s daughter was released from the hospital in relatively good condition on February 2, 1991. Sergeant Monahan resumed his normal duties on February 4, 1991. Therefore, the exceptional circumstance had resolved by February 4, 1991. However, because the People did not communicate with their witness, they were unaware of their witness’ availability. The due diligence requirement under these facts would have been satisfied if the People had been in frequent contact with Sergeant Monahan to determine his availability. It was the People’s obligation and duty to be aware of the status of their witness and to have announced their readiness as early as possible to prevent their (CPL 30.30) time from running out. (See, People v Kendzia, 64 NY2d 331 [1985].) Pursuant to Kendzia, the People could have sent written notice of their readiness to the defense counsel with proof of service filed with the court to satisfy their obligation.
Therefore, the five-day time period from January 30,1991 to February 4, 1991 is excludable from the CPL 30.30 time limitation due to exceptional circumstances. The 16-day period from February 5 to February 20, 1991 is not excludable. Therefore, adding 16 days to the 76 days that had already *59 elapsed causes the total time charged to have been 92 days, two days longer than CPL 30.30 allows. Therefore, the defendant’s motion to dismiss the information on speedy trial grounds is granted.