■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS MARTE, Respondent.—Order of the Supreme Court, Bronx County (Phylis S. Bamberger, J.), rendered May 11, 1990, granting defendant's CPL 30.30 motion for dismissal of Indictment No. 9968/89, charging defendant with criminal possession of a controlled substance in the third degree, unanimously affirmed.

The People concede 177 days chargeable to them under CPL 30.30, and dispute the trial court's inclusion of the 14 day period from December 29, 1988 to January 12, 1989, and the 15 day period from December 20, 1989 to January 4, 1990.

The record indicates that the period from December 29, 1988 to January 12, 1989 represented an adjournment allowed by the trial court for the People to present the case to the Grand Jury. Contrary to the People's assertion, defendant gave notice to the People of his intention to testify before the Grand Jury in open court and on the record at the December 29, 1988 calendar appearance. Also contrary to the People's assertion, defendant did not consent to that adjournment. As the trial court noted, the People did not notify defendant of the presentment date, and as it is the District Attorney who sets the date for defendant's appearance before the Grand Jury, the disputed 14 day adjournment period is properly chargeable to the People. (See, e.g., People v Pomales, 159 AD2d 451, lv denied 76 NY2d 847.)

Similarly chargeable to the People is the second disputed period from December 20, 1989 to January 4, 1990. The record indicates that this was the period between indictment and arraignment thereon. While the record indicates that the trial court set this adjournment date, the Court of Appeals has held that delays between indictment and arraignment, like other circumstances of court congestion, do not prevent the People

from being ready for trial, and thus the 15 day delay between indictment and arraignment thereon is properly chargeable to the People (see, People v Correa, 77 NY2d 930).

Since the addition of the disputed 29 days to the 177 days conceded as chargeable to the People brings the total time chargeable to the People to well above the 182 day allowance provided under CPL 30.30, the indictment herein was properly dismissed by the trial court. Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.