OPINION OF THE COURT
Frederic S. Berman, J.
If, during the pendency of a criminal case, a prosecution witness is unavailable to testify because the witness is away *164 on vacation, does said fact constitute an "exceptional circumstance” under CPL 30.30 (4) (g)?
An examination of the case authorities suggests this to be a case of first impression.
The defendant, John Mims, is charged with having committed two felonies, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. In his moving papers he asserts that the People have exceeded the statutory time limit within which to bring him to trial under CPL 30.30 (1) (a). According to the defendant, 198 days of time chargeable to the People have elapsed. Consequently, the defendant has moved this court to dismiss the indictment.
In written opposition to this motion, the People argue that 140 includable days should be found. Further, the People aver that some days should be excluded because two material prosecution witnesses, two police officers, were unavailable to testify due to vacation. Twice during the pendency of this case, one police officer went on vacation within the continental United States. The other officer went on vacation to the Dominican Republic.
Additionally, on August 12, 1992, the court conducted a hearing to resolve some factual ambiguities raised in both motion papers. (See, CPL 210.45 [6].)
Although not necessarily dispositive of the instant motion, the exceptional circumstances issue sub judice merits discussion because it has not been addressed directly in any appellate authority, and because this scenario of unavailability frequently arises in criminal cases.
EXCEPTIONAL CIRCUMSTANCES
Pursuant to CPL 210.20 (1) (g), the court must grant a motion to dismiss an indictment, if the People abridge a defendant’s right to a speedy trial, as enumerated in CPL 30.30.
Under the latter section, and applicable to all felony cases, the court must grant said motion if the prosecution is not ready for trial within six months of the commencement of a criminal action. (CPL 30.30 [1] [a].)
However, under CPL 30.30 (4) (g), and as it applies to the instant matter, in calculating the time within which the prosecution is obligated to be ready for trial, the court must *165 exclude: "other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period”.
For the People to claim any exclusion of time to toll the trial readiness requirement, such contention must rest squarely on the circumstances articulated in the above-cited statutory provision — or any of the other provisions within the "excludability” section of CPL 30.30, i.e., subdivision (4). (Prieser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 170.)
In People v Zirpola (57 NY2d 706, 708 [1982]) the Court of Appeals held that the " 'exceptional circumstances’ which may justify a delay in prosecution are explicitly 'not limited to’ cases where a continuance has been granted.” The unavailability of a prosecution witness could be satisfactory grounds for a delay if the People attempted with due diligence to render that witness procurable. The People have the burden of proving whether a witness was in fact unavailable at any time, and whether the People endeavored to make the witness available.
Although decided prior to the enactment of CPL 30.30, People v Blakely (34 NY2d 311 [1974]) is relevant and significant. Under CPL 30.30’s predecessor statute, section 668 of the Code of Criminal Procedure, the People were obligated to bring a defendant to trial by the next term of court, unless good cause was shown. In Blakely, the prosecution ascribed delay to the unavailability of a witness, Thaddeus Young. Young entered the Army approximately one year after Blakely’s arrest and thereafter, remained in military service within the United States for almost six months. Prior to his induction into the military, Young had notified the People of his pending military service. While he was in the United States during his service, Young took a 30-day leave and visited the prosecutor’s office to notify it of his presence. After the Army sent Young to Germany, the People made no effort to procure the witness for trial. In fact, in an affidavit submitted to the trial court, the People indicated that the Army might cooperate in producing Young from overseas under certain circum *166 stances. Also, Young informed, the People that, during his tour of duty, they could contact him through his brother.
Rejecting the People’s good cause assertion, the Court of Appeals opined that the People failed to utilize Young during the 18-month period following the defendant’s arrest. Essentially, the Blakely court foreshadowed the Zirpola rule, wherein the Court held that the People must exercise due diligence to render a witness available to testify, before claiming excludability under CPL 30.30 (4) (g). And, even though Blakely (supra) construed a predecessor statute, Code of Criminal Procedure § 668’s "good cause” requirement can be directly analogized to the "exceptional circumstances” mandate. Thus, it can be said safely that had Blakely been decided after CPL 30.30’s enactment, the Court would have reached the same result.
In a recent decision the Appellate Term, First Department, opined that exceptional circumstances did not lie. (People v Nelson, NYLJ, May 28, 1992, at 21, col 1.) Although, three weeks prior to a suppression hearing, the People’s witness sustained a fractured thumb, there was no competent evidence which showed that the witness, a police officer, was unable to attend or participate in the hearing. Thus, this witness’ unavailability did not constitute an exceptional circumstance under CPL 30.30 (4) (g).
In People v Brown (NYLJ, Mar. 24, 1992, at 25, col 1), Justice Pesce of Kings County Supreme Court opined that the unavailability of a nonmaterial and unnecessary witness who had served in the military during the Persian Gulf War did not constitute an exceptional circumstance. (The Brown court distinguished its decision from People v Lawton [NYLJ, Nov. 22, 1991, at 22, col 4] because in the latter case the Persian Gulf service person/witness was material and necessary.) Moreover, the People failed to exercise due diligence to procure the witness upon the witness’ return from the Persian Gulf War.
In the case at bar, the People are contending that the vacation periods of their witnesses rendered them "unavailable” and, hence, constituted an exceptional circumstance under CPL 30.30 (4) (g). They rely on a Third Department decision, People v Tano (169 AD2d 878 [1991]), which seems to suggest that excludability was established during the period of a prosecution witness’ vacation.
Pursuant to the authority discussed herein, the People’s *167 argument lacks muster. The court must narrowly construe CPL 30.30 (4) (g), let alone any CPL 30.30 provision granting the People excludable time. The various authorities subscribe to strict construction, particularly and pertinently as to the requirement that the People exercise due diligence to procure a witness before he/she becomes unavailable.
Most importantly, the People have not demonstrated satisfactorily that they exercised due diligence to produce the witnesses prior to their becoming unavailable. In other words, the People have not shown that they attempted to subpoena the witnesses, to inquire from their command as to their precise whereabouts, or took appropriate measures to insure their appearance at any hearings or trial. At best, as to one vacation period, the People instructed a witness’ precinct to have the witness contact the Assistant District Attorney in charge of this case. The precinct indicated to the prosecutor that the officer was out of the State. Apparently, neither the People nor the police department engaged in any effort to contact this witness during his vacation, let alone to render him available. These efforts do not satisfy the rigorous demands of CPL 30.30 (4) (g). Plainly, as to this case, absent proof of due diligence, excludability does not lie.
Also, upon comparing what other courts have found to constitute exceptional circumstances with respect to unavailable witnesses, this court rules that exceptional circumstances are nonextant here. This case does not entail a seriously ill witness or one whose relative is seriously ill. (See, e.g., People v Goodman, 41 NY2d 888 [1977]; People v Pomoles, 159 AD2d 451 [1990]; People v Familia-Morel, 151 Misc 2d 55 [1991].) Nor does this case involve a witness serving his/her country overseas during a conflagration. (See, People v Blakely, 34 NY2d 311, supra.) In fact, in light of the Blakely court’s implicit holding that a cooperative Army inductee was indeed "available” during his Stateside assignment (and, perhaps, during his overseas tour), it cannot be argued logically that a vacationing witness can be deemed "unavailable” so as to constitute an exceptional circumstance under CPL 30.30 (4) (g).
Finally, Tono (supra) is neither controlling nor persuasive. That decision does not expressly find "unavailable” a vacationing witness. Moreover, assuming such a finding, the decision does not appear in line with any of the other authority cited herein.
*168 Pursuant to CPL 30.30 (1) (a), the People must declare their readiness for trial within six months of the commencement of this criminal action. According to the People, the felony complaint was filed on September 28, 1991, the defendant’s arraignment date. Under CPL 1.20 (17), this is the date upon which this case commenced. Thus, the People had 182 days from this commencement date within which to declare their trial readiness plus any excludable time both prior to and subsequent to any valid declaration^) of trial readiness. (See, People v Tavarez, 147 AD2d 355 [1st Dept 1989].)
In summary, the People have failed to demonstrate the existence of exceptional circumstances to warrant excludability under CPL 30.30 (4) (g).
However, the court finds that, minimally, 160 days are chargeable to the People. At most, an additional seven days may be chargeable to the People, dependent on the securing of minutes in order to determine whether the defense consented to the additional seven-day adjournment.
In light of the foregoing, the defendant’s motion to dismiss the indictment is denied in all respects.