OPINION OF THE COURT
Renee A. White, J.
On June 13, 1991 the defendant was arrested and subsequently indicted for the crimes of attempted murder in the *134 first degree, attempted aggravated assault on a police officer, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. The defendant now moves to dismiss the indictment pursuant to CPL 210.20 (1) (g) on the ground that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30 (1) (a).
On January 29, 1992 this court filed a prior written decision granting defendant’s motion for release pursuant to CPL 30.30 (2) (a).* The court found 150 days chargeable to the People. The court will, therefore, only address the adjournments after that date.
On January 29, 1992 the court filed its decision and the matter was adjourned for trial to February 14, 1992. This period is excludable. (CPL 30.30 [4] [a]; People v Green, 90 AD2d 705 [1st Dept 1982].)
From February 14, 1992 through June 4, 1992 the case was adjourned for supplemental motion practice. This period is excludable. (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985].)
On June 4, 1992 the People were ready for trial. However, the case was adjourned to June 16, 1992 at the request of defense counsel as he was actually engaged on trial in another matter. This period is excludable (CPL 30.30 [4] [b]).
On June 16, 1992 the People were again ready for trial. Defense counsel was still engaged on the prior case but indicated that the matter would conclude within two days. The defendant, therefore, requested a three-day adjournment to June 19, 1992 for trial.
In response to the defendant’s request for the short adjournment the People clearly stated that they would be unable to proceed to trial on June 19, 1992 due to planned vacation schedules of their witnesses. The People requested a further adjournment to August 23, 1992. The defendant, however, was unavailable that date and consented to an adjournment from August 23, 1992 to September 10, 1992. The court adjourned the matter to September 10,1992.
The defendant, relying on the Court of Appeals decision, People v Jones (68 NY2d 717 [1986]), argues that the period from June 19, 1992 through August 23, 1992 is chargeable to the People as delays attributed to vacation plans do not *135 constitute an exceptional fact or circumstance within the meaning of CPL 30.30 (3) (b).
The People vehemently oppose defendant’s application and argue that defendant was afforded his right to a speedy trial. The People argue that defendant’s reliance on People v Jones (supra) is misplaced. The People acknowledge that postreadiness delay caused by the prosecutor’s vacation is not an excludable period. However, the People distinguish Jones from the instant facts, in that in Jones the defendant was ready to proceed and the case was solely adjourned because of a delay caused by the People. On June 16, 1992 the People were ready for trial. The People argue that the matter was adjourned only because defense counsel was actually engaged in another matter. While the People quite candidly concede that they were not able to proceed to trial from June 19, 1992 through August 23, 1992, they contend that it is of no consequence that the date requested by the defendant, June 19, 1992, was not acceptable to them. The People urge the court to find that the defendant caused a delay in the People’s readiness for trial by initially requesting an adjournment which fell into the vacation schedules of the People’s witnesses which necessitated their request for a further adjournment. The People argue that it was through no fault of the People that the trial did not commence on June 16, 1992 and therefore the entire period is excludable. In addition, the People submit that although defense counsel stated that he could be ready on June 19, 1992, it would not be possible. The People contend that defense counsel was ordered before another court not to begin any other trials prior to June 29, 1992 so that he would be able to begin a trial in that court.
APPLICABLE LAW
Generally, the defendant’s request or consent to an adjournment constitutes a waiver of objection to exclude that period of delay from speedy trial calculation (People v Worley, 66 NY2d 523 [1985]; People v Meierdiercks, 68 NY2d 613 [1986]). However, when a case is adjourned by the court sua sponte, the time will not be excludable. (People v Meierdiercks, supra.) Nor will defense counsel’s failure to object to an adjournment or failure to appear be deemed consent. The Court of Appeals has recently stated "consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay.” (People v Liotta, 79 NY2d 841, 843 [1992].)
*136 Clearly the time from June 16, 1992 through June 19, 1992 and August 23, 1992 and September 10, 1992 is excludable as the defendant explicitly requested and consented to an adjournment for those periods. (CPL 30.30 [4] [b].) The sole issue the court must address, and apparently one of first impression, is whether the People are chargeable with the intermittent time between June 19, 1992 and August 23, 1992. To state the question: when the People announce their readiness for trial and the defendant requests an adjournment, does that request constitute a waiver of objection to exclude any further adjournment beyond the date requested by defense counsel?
Once the People have announced their readiness for trial, they may still incur chargeable time when "the People’s failure is one that constitutes a direct impediment to commencement of the trial. In such case the People will be deemed to have violated the implied obligation to maintain readiness for trial.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, at 174.)
The Court of Appeals has addressed postreadiness delay in a number of circumstances. In the seminal case, People v Anderson (66 NY2d 529, 534 [1985]), the Court stated: "The rules governing postreadiness failures on the part of the People differ from those relating to prereadiness default * * * because on a 'postreadiness’ motion only delay by the People is to be considered, except as subdivision 4 otherwise requires. Even as to a postreadiness failure, however, the criminal action should not be dismissed if the failure, although it affected defendant’s ability to proceed with trial, had no bearing on the People’s readiness, or if a lesser corrective action, such as preclusion or continuance, would have been available”.
Therefore, for example, delay occasioned by the People’s failure to turn over Rosario material after their announcement of readiness is not chargeable since such failure does not effect the People’s readiness (People v Anderson, 66 NY2d, supra, at 537). However, the People’s failure in producing an incarcerated defendant for trial has a direct bearing on the People’s state of readiness and is therefore chargeable. (People v Jones, 66 NY2d 529, 540 [1985].)
Similarly, the Court of Appeals in People v McKenna (76 NY2d 59 [1990]) held that the People’s unjustified failure to provide the Grand Jury minutes after their announcement of *137 readiness is a delay that must be chargeable against the People. The Court stated: "the People’s omission did not merely impair defendant’s ability to proceed to trial. Rather, because the trial could simply not go forward until the CPL 210.30 motion was decided, the People’s dilatory conduct in failing to provide the minutes necessary to that decision was a direct, and virtually insurmountable, impediment to the trial’s very commencement.” (Supra, at 64.)
In People v Jones (68 NY2d 717 [1986], revg 118 AD2d 502 [1st Dept 1986], supra), the People continued in a state of readiness for approximately 17 months during which time the case was adjourned at defendant’s request. When the defendant was finally available, the People requested an adjournment. The Court held that postreadiness delay of 17 months attributed to defendant did not constitute an exceptional fact or circumstance within the meaning of CPL 30.30 (3) (b) sufficient to excuse adjournments resulting from the prosecutor’s planned vacation. Such adjournment must be chargeable to the People. " '[I]t is the People’s delay alone that is to be considered, except where that delay directly "results from” action taken by the defendant’ ” (at 718-719, citing People v Anderson, supra). In Jones (68 NY2d 717, supra), the Court found no casual relationship between the defendant’s postreadiness delay and the prosecutor’s vacation. In addition, the Court noted that there was no claim of bad faith on defendant’s part.
Similarly the court finds that there is no casual connection between defense counsel’s actual engagement on another matter, which required the court to grant him an adjournment, and the vacation schedule of the People’s witnesses. The court further finds that there was a good-faith basis for defendant’s request for an adjournment. Counsel was actually engaged in trial on another matter. This was not a situation where counsel was avoiding trial in an attempt to delay the People in their prosecution of this case.
In the case at bar, the defendant requested a short adjournment, indicating his ability to be ready for trial in three days. The court, however, adjourned the matter to a further date solely to accommodate the vacation schedules of the prosecutor’s witnesses. Clearly, if the court adjourned the case to the date requested by defense counsel the People concede that they would not have been able to proceed. Under such circumstances the time would be chargeable to the People as vacation plans of the prosecutor’s witnesses do not constitute *138 exceptional circumstances for purposes of CPL 30.30. (See, People v Jones, 68 NY2d 717, supra; People v Mims, 155 Misc 2d 163 [Sup Ct, NY County].)
CPL 30.30 should not be construed as to require the court to adjourn a case only to a date requested by either party without regards to whether or not the matter could proceed to trial on that date. If the court had adjourned the case to June 19, 1992 the People would again announce their inability to proceed to trial as they previously indicated on June 16, 1992. It would be an exercise in futility to have an incarcerated defendant produced in court on a day which all parties know that the trial cannot commence.
The defendant’s request for a short adjournment, because he was actively engaged in another matter does not excuse the People’s failure to be ready to proceed in a timely fashion. "An initial declaration of readiness does not end the People’s continuing obligation to be ready for trial, or permanently deprive a defendant of his right to move for speedy trial relief. Subsequent requests for delay, if not excludable under CPL 30.30 (4), are indeed chargeable to the People.” (People ex rel. Sykes [Rodriguez] v Mitchell, 184 AD2d 466, 468 [1st Dept], citing People v Liotta, supra; People v McKenna, supra; People v Anderson, supra.)
Applying the above legal principles to the facts of this case, the court finds that although the People cannot be penalized when the defendant requests an adjournment, they cannot take advantage of the request so as to ignore their own responsibility of being ready. Under such conditions the People will be deemed to have violated their implied obligation to maintain their readiness for trial.
The record is clear that during the period from June 19, 1992 through August 23, 1992 the People could not be ready for trial because of the vacation plans of their witnesses. This type of delay does not merely impair the defendant’s ability to proceed; but instead completely prohibits the trial from commencing until the witnesses became available. This delay has a direct bearing on the People’s readiness and must therefore be chargeable. In addition, the alternative remedies as annunciated in Anderson (supra), regarding delays in providing discovery materials, are not suitable to the case at bar.
The court further finds that the People’s argument that defense counsel could not be ready for trial on June 19, 1992 completely meritless. It is well established that the right to a *139 speedy trial " 'is not dependent in any way on whether the defendant has expressed his readiness for trial’ ” (People v Liotta, supra, at 843, citing People v Hamilton, 46 NY2d 932, 933-934).
In conclusion, the People are charged with the 65-day delay between June 19, 1992 and August 23, 1992. Therefore considering both the prereadiness delay of 150 days and postreadiness delay of 65 days the People are charged with a total of 215 days. Accordingly defendant’s motion to dismiss is granted.

 However, due to a New York State Department of Parole hold the defendant could not be released, and at the defendant’s request, bail was set in the amount of $1.