■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMAS, Appellant. [606 NYS2d 848] —Crew III, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 12, 1992, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant was arrested on February 10, 1989 on the charge of assault in the first degree. Defendant was thereafter indicted on April 28, 1989 and charged with two counts of assault in the first degree. His trial, which commenced on March 25, 1992, resulted in a jury verdict of guilty of one count of assault in the first degree, for which he was sentenced to an indeterminate term of imprisonment of not less than 1½ years nor more than 4½ years.

On this appeal defendant contends that he was denied the right to effective assistance of counsel due to the failure of trial counsel to make a motion to dismiss the indictment for noncompliance with the statutory speedy trial requirements (see, CPL 30.30). We have previously held that such an omission is sufficiently egregious, without more, to constitute denial of meaningful representation by counsel (see, People v Jackson, 172 AD2d 874, lv denied 78 NY2d 923).

The criminal action at bar was commenced on February 8, 1989 with the filing of a criminal complaint in Plattsburgh City Court. The People indicated their readiness for trial on May 10, 1989. Defendant contends that this prereadiness period of 91 days should be charged to the People and further contends that the explanations in the People's brief should be disregarded because they are dehors the record. It is true that the claims now asserted by the People are not substantiated in the record, but that is because trial counsel did not make a motion to dismiss based upon speedy trial grounds. Accordingly, the People had no reason nor, indeed, opportunity to demonstrate that such time was not properly chargeable to them.

The next period of time complained of by defendant is 72 days of claimed postreadiness delay. The record reflects that on August 27, 1991, the date initially set for trial of this matter, defense counsel was given certain police reports which contained summaries of oral statements of three witnesses

which were clearly exculpatory in nature. Defense counsel moved for dismissal, which motion was denied. However, County Court determined that the reports constituted *Brady* material and adjourned the case to November 7, 1991, the next scheduled term of court, in order that defense counsel might have an adequate opportunity to explore the matter. That delay was clearly the result of the People not giving the *Brady* material to defense counsel in timely fashion and is properly charged to the People.

On November 7, 1991 the People advised County Court that they were not ready for trial due to the unavailability of one of the doctors who treated the complainant. Accordingly, they requested that the case be put over the term for trial at the next term of court, which motion was granted. Defendant was not tried until March 24, 1992 and contends that the resultant 138 days of delay is properly chargeable to the People. The People urge that the doctor was a principal prosecution witness and his unavailability constituted an exceptional circumstance justifying the delay *(see, People v Goodman,* 41 NY2d 888). Whether or not this is so, the People, in their brief, have admitted that the doctor was only unavailable for the period of November 14, 1991 to November 28, 1991 and there appears no reason why he was not available at the beginning of the term to be called out of order. However, based upon this record we cannot make either of those determinations. As a final matter, the People in their brief contend that the next term of court after November 7, 1991 was to commence on January 27, 1992 and, therefore, they could only be charged with 81 days of delay as opposed to 138. The question that remains and cannot be divined from this record is to whom the remaining 57 days are chargeable. Under the circumstances, this appeal must be held in abeyance and the matter remitted to County Court for a hearing to determine whether there exist delays in excess of 180 days chargeable to the People *(cf., People v Zirpola,* 57 NY2d 706).

Cardona, P. J., Mikoll, White and Weiss, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.