■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMAS, Appellant. [620 NYS2d 555] —Crew III, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 12, 1992, upon a verdict

convicting defendant of the crime of assault in the first degree.

When this matter originally was before us, defendant contended that he was denied the right to effective assistance of counsel due to the failure of trial counsel to make a motion to dismiss the indictment for noncompliance with the statutory speedy trial requirements of CPL 30.30. Inasmuch as we could not determine from the record then before us whether the claimed postreadiness delay was chargeable to the People, we held the appeal in abeyance pending a hearing by County Court for such determination (200 AD2d 866). In accordance with that decision, a hearing was conducted on June 6, 1994, following which County Court determined that the People were to be charged with 175 days of delay.

The record, as established by the June 6, 1994 hearing, reflects that the People appeared at calendar call on November 4, 1991 and announced that they were ready for trial. The case was thereupon scheduled for a day certain on November 15, 1991. On November 7, 1991, the People advised County Court that the complainant's attending physician was unavailable for trial from November 14, 1991 through November 28, 1991. As a consequence, the matter was put over the term and ultimately was rescheduled for trial on March 23, 1992. On the original appeal, the People contended that the doctor's unavailability constituted an exceptional circumstance justifying the subsequent 136-day delay, which time should not be charged to the People. Having now reviewed the record, we conclude that such time was chargeable to the People, that as a result the People were not ready for trial within 180 days and that defense counsel's failure to move to dismiss the indictment based upon the People's noncompliance with the statutory requirement, without more, was sufficiently egregious to constitute the denial of meaningful representation (see, People v Jackson, 172 AD2d 874, 875, lv denied 78 NY2d 923). For this reason, defendant's conviction must be reversed and the indictment dismissed.

We start with the proposition that in calculating the time within which the prosecution is obligated to be ready for trial, County Court must exclude periods of delay occasioned by exceptional circumstances, which includes the unavailability of a material witness, where the People have exercised due diligence in procuring the attendance of such witness at the trial (see, CPL 30.30 [4] [g] [i]; People v Ali, 195 AD2d 368, lv denied 82 NY2d 804). Here the evidence reflects that a secretary from the attending physician's office called the District

Attorney's office and advised that the doctor was unavailable from November 14, 1991 to November 28, 1991. The record further reflects that the District Attorney communicated this information to County Court on November 7, 1991, as the result of which the matter was put over and rescheduled for trial 136 days later. There is no record evidence as to what effort, if any, the District Attorney made to procure the attendance of the attending physician after having received the telephonic message that he would be unavailable. Needless to say, this does not constitute proof of due diligence. Moreover, the attending physician was called by defendant at the hearing and testified that between November 14, 1991 and November 28, 1991, he was away from his Plattsburgh office hunting downstate but that his recollection was that he was not continually absent during that time. In our view, that testimony established that the case was adjourned to accommodate the witness's vacation schedule and does not constitute an "exceptional circumstance" (see, People v Jones, 68 NY2d 717; People v Apodoca, 156 Misc 2d 133; People v Mims, 155 Misc 2d 163). Inasmuch as we have previously found that the 72 days from August 27, 1991 to November 7, 1991 should be charged to the People for not timely furnishing Brady material to defense counsel, it is clear that the People were not ready for trial within the 180-day statutory period.

Cardona, P. J., Mikoll and White, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.