OPINION OF THE COURT
Kenneth R Fisher, J.
Procedural History
The defendant is charged by indictment, filed on January 25, *601 2001, with two counts of driving while intoxicated, and one count each of aggravated unlicensed operation of a motor vehicle in the first degree, failure to signal a turn, and passing a red light, all which are alleged to have occurred on May 19, 2000.
On June 20, 2000, the defendant appeared for the first time in local court pursuant to an appearance ticket. On that date, at the request of the defendant, the matter was adjourned with a return date in that local court of July 13, 2000. On July 13, 2000, the matter was referred to the Monroe County Grand Jury.
Defendant now moves this Court for dismissal of the indictment for failure of the People to file the instant indictment and announce readiness for trial thereon, within the statutory six-month period from the date of commencement, pursuant to CPL 30.30.
Discussion
By affirmation, the People acknowledge that the latest statutory date for filing the indictment and announcement of readiness was January 14, 2001, and this Court agrees with that acknowledgment. In support of the People’s position that the filing of the indictment and announcement of readiness was timely on January 25, 2001, the People assert that the arresting New York State Trooper in this matter was unavailable for Grand Jury testimony from December 26, 2000 to January 22, 2001, thereby creating an “exceptional circumstance” under CPL 30.30 (4) (g). The People further acknowledge that the Trooper had been reassigned to a post down-State for training purposes, but was in fact available for Grand Jury testimony in Monroe County on Monday mornings and Friday afternoons throughout this period.
In calculating and accounting the days which the People assert should be excluded from the statutory deadline, the People state that the Monroe County Grand Jury does not meet on Fridays, and that many of the Monday dates in that time period could not be used to accommodate the Trooper’s schedule.
The questions before this Court are, was the Trooper in fact unavailable, and have the People shown proof of due diligence and vigorous activity in attempting to secure his presence before the Grand Jury on a date before the January 14, 2001 deadline? Based upon the papers submitted and a review of the law, the People have not made such a showing, and the indictment must be dismissed.
*602 In support of their proposition of exceptional circumstances inherent in this matter, the People offer People v Grady (111 AD2d 932 [2d Dept 1985] [unavailability of key witness due to military service ruled exceptional circumstance]). But military service is not employment related, and is controlled, as to timing of service, by a different entity over which the People have no control. Our situation here is different.
The answering affirmation to the defendant’s motion supplied by the People is devoid of any reasonable showing that the People exercised “due diligence” as required by the statute (CPL 30.30 [4] [g]), nor do the People outline any credible vigorous activity in attempting to insure the Trooper’s presence. (People v Washington, 43 NY2d 772 [1977]; People v Figaro, 245 AD2d 300 [2d Dept 1997].) The burden of such a showing lies with the People, and is necessary in demonstrating unavailability to a degree sufficient to defeat defendant’s speedy trial motion. (People v Mims, 155 Misc 2d 163 [Sup Ct, NY County 1992].) Moreover, a delay of almost five months from the date the matter was referred to the Monroe County Grand Jury to the date the Trooper was subpoenaed raises additional doubt regarding the exercise of due diligence by the People. (People v Mitchell, 158 Misc 2d 768 [Sup Ct, Kings County 1993].)
The People state that Grand Jury scheduling restrictions contributed to the unavailability of the Trooper; however, it appears that those scheduling difficulties were exclusively within the control of the People. The defendant’s speedy trial rights must not be balanced against such delayed calendaring or scheduling problems without his acquiescence to such a delay. (People v Warren, 85 AD2d 747 [2d Dept 1981].)
Although the People assert that the Trooper was “unavailable,” they acknowledge that the Trooper was available at selected times. Therefore, the People’s argument of “unavailability” is unpersuasive. (Cf. People v Thomas, 210 AD2d 736 [3d Dept 1994] [unavailability of witness while vacationing, but available at times during vacation, was not exceptional circumstance under the statute].)
Certainly, the Department of New York State Police recognizes that its Troopers must be available for the prosecution of violations witnessed by those officers. We would expect that the Department of State Police would make every accommodation to allow one of its officers the time necessary to present critical testimony under these circumstances. Nor has it been shown by the People that this Trooper’s attendance was vigor *603 ously pursued, but thwarted by the Trooper’s superiors. The fact that the Trooper may have been on important training duty in another part of the State is, without a showing of due diligence, insufficient to demonstrate an exceptional circumstance under the statute. (Cf. People v Lopez, 178 Misc 2d 338 [Crim Ct, NY County 1998] [officer attending funeral of fellow officer killed in the line of duty not deemed unavailable for exceptional circumstances standard]), and further, the statute must be strictly construed. (People v Mims, 155 Misc 2d at 167.)
It is well settled that statutory time limitation requirements under CPL 30.30 are deemed tolled under certain circumstances during the pendency of a criminal matter. The Court has reviewed all of the submissions of counsel and has determined the following:
1. The defendant appeared in Henrietta Town Court on June 20, 2000, and the matter was adjourned to July 13, 2000, a period of 23 days, with the acquiescence of the defendant. That time is excluded from the statutory time limitation requirement. (People v Crogan, 237 AD2d 745, 746 [3d Dept 1997], lv denied 90 NY2d 857 [1997].)
2. On July 13, 2000, the matter was referred to the Monroe County Grand Jury, which returned an indictment, filed with a statement of readiness by the People on January 25, 2001, a period of 196 days. None of those days are excluded under CPL 30.30 (4) (g) as "exceptional circumstances.”
The statutory time limitation for the announcement of readiness on a felony complaint is six months from the filing of the first accusatory instrument. (CPL 30.30 [1] [a].) That six-month period does not necessarily equal 180 days. (People v Cortes, 80 NY2d 201, 208, n 3 [1992].)
Taken in the light most favorable to the People, the nonexcludable delay in this matter is measured from July 13, 2000 to January 25, 2001, when the People acknowledge that they first announced readiness for trial, a period of 11 days beyond the statutory period for such announcement.
Conclusion
The People have failed to demonstrate that the Trooper was in fact unavailable, and that such unavailability was buttressed by their unsuccessful vigorous activity in either secur *604 ing his presence, or adequately scheduling his testimony for a time when he was available. The defendant’s motion for dismissal on CPL 30.30 grounds is granted.