■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARTER, Appellant. [728 NYS2d 449] —Judgment, Supreme Court, New York County (Renee White, J., on speedy trial motion; Dorothy Cropper, J., at jury trial and sentence), rendered October 20, 1999, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The time period at issue on appeal was properly excluded under CPL 30.30 (4) (g). The People made a sufficiently detailed showing of exceptional circumstances and due diligence in obtaining the presence of the complaining witness, who had returned to Yemen, his native country, and who experienced considerable difficulty in obtaining a visa for return to the United States (see, People v Pomales, 159 AD2d 451, lv denied 76 NY2d 847).

A trial court has broad discretion to control and restrict the scope of voir dire (People v Boulware, 29 NY2d 135, cert denied 405 US 995), and indeed "shall not permit questioning that is repetitious or irrelevant" (CPL 270.15 [1] [c]), so long as counsel has a fair opportunity to question prospective jurors about relevant matters (People v Boulware, supra). We do not find an improvident exercise of discretion here in light of the fact that the defendants raised similar defenses and asked similar questions in the course of voir dire. Inasmuch as defendant failed to establish a need to ask questions different from those posed by the codefendants (see, People v Jean, 75 NY2d 744), he failed to demonstrate that he was prejudiced by one codefendant's use of the entire time allocated to the first round. Moreover, the court had advised counsel at the outset that if potentially prejudicial or sensitive areas of inquiry appeared, counsel would not be curtailed in questioning. No showing as to any such area of inquiry was made. Concur—Ellerin, J. P., Lerner, Saxe, Buckley and Friedman, JJ.