OPINION OF THE COURT
Memorandum.
Order reversed, and the indictment dismissed. The seven-month delay between defendant’s felony indictment and his arrest constitutes a denial of the statutory right to a speedy trial (CPL 30.30, subd 1, par [a]).
The People contend that the delay was caused by "exceptional circumstances”, and hence falls within a statutory exception (CPL 30.30, subd 4, par [g]). They urge as an excuse an ongoing narcotics investigation. However, the proof of such investigation was deficient. No activity of any significance was *774 shown, but only a variety of unsatisfactory excuses why the investigation did not proceed. Statutory examples of exceptional circumstances would entail at least probable availability of new evidence within a reasonable period of time, and a justified need for additional time to prepare the People’s case. The statutory exception, then, if it is to be given reasonable effect and it is to fulfill the legislative purpose, must be limited to instances in which the prosecution’s inability to proceed is justified by the purposes of the investigation and credible, vigorous activity in pursuing it.
Since the indictment must be dismissed, it is unnecessary to determine whether the court’s erroneous characterization of a defense witness, in a supplementary charge, as "an admitted interested party”, would otherwise require a new trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.