OPINION OF THE COURT
Memorandum.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), the order of the Appellate Division should be modified and the case remitted to the County Court, Erie County, for a hearing on exceptional circumstances (CPL 30.30, subd 4, par [g]).
The “exceptional circumstances” which may justify a delay in prosecution are explicitly “not limited to” cases where a continuance has been granted. The unavailability of a prosecution witness may be a sufficient justification for delay (cf. People v Goodman, 41 NY2d 888), provided that the People attempted with due diligence to make the witness available (People v Washington, 43 NY2d 772; see CPL 30.30, subd 4, par [g], cl [i]). Whether the codefendant was at any time unavailable as a witness and what the People did to make him available are questions of fact on which the People have the burden of proof (People v Berkowitz, 50 NY2d 333), but on which no hearing was held because People v Osgood (52 NY2d 37) and People v Lomax (50 NY2d 351) had not been decided when the speedy trial motion was heard. The People are, therefore, entitled to a hearing at which to show exceptional circumstances (People v Warren, 81 AD2d 872; cf. People v Havelka, 45 NY2d 636).
Accordingly, the matter should be remitted for such a hearing. If thereafter the motion is again denied, defendant’s conviction should stand and an amended judgment should be entered reflecting that disposition, any appellate review of which will be limited to the speedy trial ruling. If, on the other hand, the speedy trial motion is granted, defendant’s conviction should be vacated and the indictment should be dismissed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), *709 order modified and case remitted to County Court, Erie County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.