**TIPPECANOE SANITARY LANDFILL, INC., Appellant (Defendant Below),**

v.

**BOARD OF COUNTY COMMISSIONERS OF TIPPECANOE COUNTY, Indiana, Appellee (Third–Party Defendant Below).**

No. 79A04–8706–CV–190.

Court of Appeals of Indiana, Third District.

May 23, 1988.

Louis Pearlman, Jr., Pearlman & Chosnek, Lafayette, for appellant.

·J. Frederick Hoffman, Thomas H. Busch, Hoffman & Luhman, Lafayette, for appellee.

HOFFMAN, Judge.

The Tippecanoe Sanitary Landfill, Inc. (TSL) appeals a judgment in favor of the Board of County Commissioners of Tippecanoe County, Indiana (Commissioners). The trial court, in its written findings, approved an ordinance which, as pertinent here, established the rates that TSL could charge landfill users. The court entered its findings following a trial held after this Court reversed and remanded a portion of the trial court's prior decision. *See Tippecanoe San. Landfill v. Bd. of Cy. Com'rs* (1983), Ind.App., 455 N.E.2d 971 (hereinafter cited as, *Tippecanoe*).

The present appeal challenges the portion of the ordinance that sets the fees that TSL charges its customers. In the prior appeal this Court found that the Commissioners had the constitutional authority to regulate the landfill, and the authority to establish the rates TSL could charge. Specifically, this Court found that the Commissioners had the authority to enact an ordinance which had the following stated purpose:

"WHEREAS, it is necessary that the user rates charged at such sanitary landfill be reasonable and affordable so that solid waste is placed therein in order to protect the public health and safety of the residents of Tippecanoe County ..." 455 N.E.2d at 977.

However, this Court reversed the trial court's grant of summary judgment on the issue of whether the standards used to determine the rates complied with the requirements of due process, by being reasonably and substantially related to accomplishing the stated purpose of the ordinance,[1] since this question necessarily involved a factual determination. *Tippecanoe* at 980.

On remand, a trial was held, and the court found that the standards employed were constitutionally acceptable. The ordinance created a rate system which, initially, treated the fee being charged at the time the ordinance was enacted as a minimum rate. The rate was periodically adjustable, based on upward changes in the Construction Cost Index. The Construction Cost Index is based on the current prices for fixed amounts of construction materials such as cement, lumber and common labor. The Index, which is updated and published nationally on a weekly basis, is normally used to track trends in construction costs. In this case, the ordinance

---

1. TSL misconstrues the holding in *Tippecanoe*. It bases its interpretation on the court's final statement of the issue. Regardless, *Tippecanoe*, read in its entirety and in its proper legal context, clearly holds that the issue is whether the standards used are reasonably and substantially related to accomplishing the stated purpose of the ordinance.

simply used the percentage increase in the Index as a multiplier to find the new fee that TSL was permitted to charge. This rate system is essentially a legislative adoption of the rate determination system that previously existed in a contract between TSL and the Commissioners. TSL's focus, in this appeal, is on the use of the Construction Cost Index, which, TSL complains, has no relation to the actual cost of operating a sanitary landfill.

Initially, it is necessary to make clear exactly what the real focus of this appeal must be. As mentioned, in the previous appeal this Court reversed and remanded for a trial on the single, due process, issue of whether the standards used to set the landfill fees bears a reasonable and substantial relationship to accomplishing the stated purpose of the ordinance. Thus the sole question properly before the trial court, and before this Court now, is whether the method used to set the rates, including the use of the Construction Cost Index, bears a reasonable and substantial relation to achieving the purpose of providing reasonable and affordable rates for users of the sanitary landfill. This issue, thus delimited, is a quite narrow inquiry. *See, e.g. City of Indianapolis v. Clint's Wrecker* (1982), Ind.App., 440 N.E.2d 737. Having already decided that the Commissioners had the constitutional authority to regulate TSL's operations, this Court will not now question the wisdom or policy of the ordinance. Instead the sole remaining inquiry is whether the Commissioners have chosen a means reasonably calculated to achieve the purpose for which the ordinance was enacted.

Plainly, a reasonable relation exists between the police power invoked by the Commissioners, and the rate setting procedure adopted in the ordinance. The use of a nationally recognized and manifestly objective price index is a reasonable way of ensuring that rates charged by TSL are reasonable and affordable, by ensuring that the rates will generally follow economic trends. Since TSL only alleges a violation of its due process rights, and since TSL has failed to show that the Commissioners have exceeded their police power,

then the trial court is, in all things, affirmed.

Affirmed.

SHIELDS, P.J., and STATON, J., concur.

