■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY CARPENITO, Respondent. [606 NYS2d 24] —Appeal by the People from an order of the County Court, Westchester County (West, J.), entered March 31, 1993, which granted the defendant's motion to dismiss the action on the ground that he had been denied his statutory right to a speedy trial.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.

The People announced their readiness for trial on January 20, 1989, at which time 60 days of delay were chargeable to them. The defendant subsequently moved to, among other things, suppress all physical evidence seized from his home pursuant to a search warrant. The search warrant was based upon information received from a confidential informant, and the court ordered a Darden hearing requiring the People to produce the informant for an in camera examination in order "to insure [that the informant] exists and with regard to the information imparted by such informant". The defendant moved to reargue the court's decision and, on July 7, 1989, the court granted reargument, and upon reargument, adhered to its original determination. Judge Nicolai set September 27, 1989, as a control date by which he expected the in camera examination to have been completed. By that date, however, the People could not convince the informant, who feared physical injury or death, to appear. The parties next appeared

in court on October 5, 1989. At that time, the People informed the court that the confidential informant, having been threatened with bodily harm, refused to come into court. The People offered to produce a detective who could testify as to the identity of the confidential informant, the conversations he had with the informant, and his efforts to obtain the informant's presence in court. The court rejected that offer and, in an order entered November 3, 1989, suppressed the evidence seized during the search of the defendant's home.

On November 20, 1989, the People filed a notice of appeal from Judge Nicolai's suppression decision. The People failed to perfect their appeal, and on August 17, 1990, defense counsel wrote to the Clerk of the Appellate Division, Second Department, requesting that the appeal be dismissed. In response, the People moved to enlarge their time to perfect the appeal. This Court granted the People's motion, and ordered that the People's brief be served and filed on or before October 12, 1990. The People served and filed their brief on October 11, 1990.

This Court subsequently rendered an opinion and order *(see, People v Carpenito,* 171 AD2d 45) disagreeing with Judge Nicolai's suppression ruling. This Court held that "the County Court erred by granting suppression of evidence seized pursuant to a search warrant without considering the validity of the People's claimed inability to produce the informant and giving the People a reasonable opportunity to prove his existence with other evidence" *(People v Carpenito, supra,* at 46). Accordingly, this Court remitted the matter to the County Court for a consideration of the People's evidence. The Court of Appeals affirmed this Court's order *(see, People v Carpenito,* 80 NY2d 65). Upon remittitur, the County Court (West, J.), denied suppression.

Thereafter, the defendant moved to dismiss his indictment, arguing that the People failed to afford him a speedy trial. The motion was granted and the People now appeal.

CPL 30.30 (1) (a) requires that the People be

"ready for trial within * * *

"six months of the commencement of a criminal action" in which a felony is charged. Here, the People had 181 days from November 9, 1988 (when the defendant waived his right to a felony hearing) to commence defendant's trial. The People were charged with 60 days of pre-readiness delay, and they do not contest this charge. Part of the post-readiness delay charged to the People consisted of 90 days (from July 7, 1989

[when the court granted the defendant's reargument motion regarding the *Darden* hearing] to Oct. 5, 1989 [when the People announced that they could not produce the confidential informant]). The People were also charged with an additional post-readiness delay of 52 days. Thus, the County Court held that by a period of 21 days the People exceeded their time to be ready for trial.

We find that the court improperly charged to the People the 90-day period from July 7, 1989, to October 5, 1989. The record establishes that during that time, the People were diligently attempting, albeit unsuccessfully, to obtain the presence of the confidential informant. Two detectives were attempting to procure the informant, and made numerous attempts to do so. Those efforts comported with the requirements discussed by this Court, and the Court of Appeals, that the People may present extrinsic evidence to establish the existence of a confidential informant where they have first "demonstrated that the informant is legitimately unavailable" *(People v Carpenito, supra,* 80 NY2d, at 68). Accordingly, the delay in conducting the *Darden* hearing should not be chargeable to the People. In light of this determination, we need not reach the People's remaining contention.

The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.