■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAVON FIGARO, Appellant. [667 NYS2d 372] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered May 8, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment against him on the ground that he had been denied his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law, the defendant's speedy trial motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In the instant case, involving a robbery which occurred on February 9, 1994, the People were obligated to be ready for trial within six months after April 20, 1994, the date on which the felony complaint was filed (CPL 1.20 [17]; 30.30 [1] [a]; *People v Sinistaj,* 67 NY2d 236, 239; *People v Osgood,* 52 NY2d 37, 43; *People v Lomax,* 50 NY2d 351, 355-356). The six-month period from April 20, 1994, through October 20, 1994, consisted of 183 days, and thus the limit in this case is 183 days of chargeable time (*see, People v Allen,* 172 AD2d 542, 544). The People announced their readiness for trial on December 21, 1994, 245 days after April 20, 1994.

The People concede that the two-day period from April 20, 1994, through April 22, 1994, i.e., from the date of the filing of the felony complaint to the date the complainant was scheduled to appear before the Grand Jury, is chargeable to them. However, the People argue that the 61-day period from April 22, 1994, through June 22, 1994, is not chargeable to them since the complainant was unavailable to testify during this period and they exercised due diligence to obtain her testimony. It is true that a delay between the filing of a felony complaint and subsequent indictment due to the unavailability of a witness may be excused as "exceptional circumstances" (CPL 30.30 [4] [g]), if the People attempted with due diligence to make the witness available (*see, People v Zirpola,* 57 NY2d 706, 708). However, in order to demonstrate due diligence, the People must undertake "credible, vigorous activity" to make the witness available (*see, People v Washington,* 43 NY2d 772, 774).

The testimony at the CPL 30.30 hearing indicates that a detective merely made a few phone calls and one visit to the complainant's home during the period from April 22, 1994, through June 22, 1994. This effort falls short of satisfying the People's burden of establishing that this period of delay was excludable (*see, People v Meyers,* 114 AD2d 861).

The People also attempt to exclude another period of over 140 days on the ground that it constituted a reasonable amount of time to conduct and complete a *Wade* hearing requested by the defendant (*see,* CPL 30.30 [4] [a]). This argument is unavailing since the record indicates that this *Wade* hearing was conducted under a different indictment with respect to the identification of the defendant by a different complainant who was robbed on April 7, 1994 (*see, People v Collins,* 82 NY2d 177).

Since the amount of time chargeable to the People clearly exceeds 183 days, the defendant's motion to dismiss the indictment must be granted. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.