■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT MILLER, Appellant. [751 NYS2d 384] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered February 7, 2000, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and kidnapping in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As a general rule, when a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Carpenito,* 199 AD2d 522). The statutory six-month period is computed in terms of calendar months and thus is not necessarily 180 days (*see People v Cortes,* 80 NY2d 201). In this case, the prosecution had 184 days from May 1, 1997, to announce its readiness.

A defendant seeking a dismissal under CPL 30.30 must allege that the prosecution failed to declare readiness within six months, or that the aggregate unexcused delays are greater than six months (see *People v Goode,* 95 NY2d 835). The law distinguishes delays occurring before the prosecution has announced its readiness for trial from those that occur after (see *People v Anderson,* 66 NY2d 529). While prereadiness delays are generally chargeable to the prosecution, postreadiness delays are charged only if they directly implicate the prosecution's ability to proceed with trial (see *People v Cortes, supra,* at 210). We agree with the Supreme Court that the prosecution was responsible only for 181 days of delay.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.