[808 NYS2d 54]

# The People of the State of New York, Appellant, v Eddie Salgado, Respondent.

First Department, January 12, 2006

APPEARANCES OF COUNSEL

*Robert T. Johnson, District Attorney*, Bronx (*Stanley R. Kaplan* and *Joseph N. Ferdenzi* of counsel), for appellant.

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Jan Hoth* of counsel), for respondent.

**OPINION OF THE COURT**

SAXE, J.

On this appeal by the People of a dismissal on speedy trial grounds pursuant to CPL 30.30, the People take the position that this Court lacks the authority to review the entire period between the filing of the accusatory instrument and the time of the motion, in order to arrive at our own determination as to whether the defendant's right to a speedy trial was violated. Rather, they contend, CPL 470.15 limits us to reviewing only those portions of the motion court's calculations of time that held particular time periods to be chargeable to the People, and prevents us from addressing any aspects of the determination which found other periods of time excludable pursuant to CPL 30.30 (4). We do not agree that our authority in this context is so limited, and upon a full review of the elapsed time and complete reassessment of which periods are chargeable or excludable, we affirm the dismissal.

On March 9, 2002, defendant was arraigned on a felony complaint charging him with attempted murder in the second degree and related offenses. While the People announced that they were ready for trial at the time defendant was arraigned on the indictment on April 12, 2002, the matter still had not been tried by February 26, 2004, at which time the underlying speedy trial motion was made.

In opposing the motion, the People conceded that 169 days of the delay were chargeable to them. The six-month period in which CPL 30.30 requires matters to be tried comes, in this instance, to 184 days. The motion court calculated that an additional 16 days were chargeable to the People, for a total of 185 days of delay, necessitating the dismissal of the indictment.

The People now contend that we must reverse and reinstate the complaint, relying solely upon the contention that the motion court improperly charged a six-day period to the People. They do not specifically refute defendant's assertion that correctly analyzing the entire elapsed period, the periods of delay chargeable to the People would still total over 184 days. Rather, they assert that CPL 470.15 limits our authority to a review of

only those portions of the motion court's ruling that went against the appealing party, the People. According to their argument, to the extent the motion court incorrectly failed to charge certain periods of delay against the People, the ruling would be unreviewable on this appeal.

We do not agree that our authority is so circumscribed on this appeal. The issue raised on an appeal of a decision on a CPL 30.30 motion is whether the delay violated the six-month limit imposed by that statute, which permits—indeed, it requires—review of the entire time between the filing of the accusatory instrument and the date of the motion. It is the obligation of the Appellate Division to review all information, allegations, and calculations presented to the motion court on the motion and to decide whether the court's calculations and determinations were correct.

CPL 470.15 (1) provides that an intermediate appellate court "may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant." Here, the import of the quoted language of section 470.15 (1) would be to *permit* this Court to consider the entire elapsed time prior to defendant's motion in order to decide the question of whether he was denied a speedy trial, which question of law may certainly be said to "involv[e]" an asserted error which adversely affected the People. Nothing in the language of section 470.15 (1) itself would limit this Court to reviewing only those portions of the ruling that held certain periods of time chargeable to the People.

However, the People rely upon a phrase in *People v Goodfriend* (64 NY2d 695 [1984]) to support the suggested limitation on the scope of our review. In *Goodfriend,* the trial court vacated a sodomy conviction and dismissed the indictment on the ground that the verdict was repugnant with defendant's acquittal of the other two charged counts. The Appellate Division disagreed, and reinstated the indictment (100 AD2d 781, 782 [1984]). It added that since the defendant did not (and could not) appeal, it could consider only those rulings which were adverse to the People, and therefore would not pass upon the issues raised by defendant (*id.*). In affirming, the Court of Appeals agreed that the Appellate Division "was powerless to consider defendant's alternative arguments for affirmance" (64 NY2d at 697; *see also People v LaFontaine,* 92 NY2d 470, 474 [1998]).

The question to be answered here is whether CPL 470.15 (1) and *People v Goodfriend* preclude this Court from considering

whether periods of time were erroneously held by the motion court to be excludable. In other words, would it constitute improper consideration of "defendant's alternative arguments for affirmance" to reconsider not only the motion court's determinations as to periods chargeable to the People, but also periods of time that were decided by the motion court in the People's favor?

In our view, the limitation created by CPL 470.15 (1), as elaborated on by *Goodfriend* and *LaFontaine*, was never intended to limit the Appellate Division in the context of review of a speedy trial decision, in which the issue addressed is not merely whether or not particular specified time periods are chargeable to the People, but whether the total number of days chargeable to the People exceeds the permissible number. On appellate review of a dismissal on speedy trial grounds, we must be similarly empowered to examine the entire time elapsed, and determine whether the total time chargeable to the People exceeds that permitted by CPL 30.30.

If we were limited as the People suggest, then if a defendant appealing from a conviction on the ground of a speedy trial violation were able to successfully establish that the motion court had improperly excluded time which was actually chargeable to the People, the People as respondent would be powerless to point out that other periods had been erroneously charged against them that should have been excluded. It is inconceivable that the Legislature, in enacting CPL 470.15, would have intended to preclude such a possible respondent's argument by the People.

*People v Cortes* (80 NY2d 201 [1992]) is illustrative. Notably, on that People's appeal the Court worked its way through the entire time line from the filing of the first accusatory instrument to the date of the speedy trial motion, the standard manner in which rulings on such motions are reviewed on appeal. Indeed, the Court specifically explained this procedure:

> "Whether the People have satisfied this obligation [to be ready for trial within six months of the commencement of the criminal action] is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any post-readiness periods of delay that are actually attrib-

utable to the People and are ineligible for an exclu-
sion" (*id.* at 208).

For these reasons, we reject the suggestion that this Court
may only review those computations of chargeable time that
went against the People. Proper review of the appellate record
on the speedy trial issue compels a complete recalculation of
chargeable time, and upon doing so in this instance, an affir-
mance of the dismissal pursuant to CPL 30.30.

Specifically, review of the court records here reveals that the
amount of delay chargeable to the People exceeds the time
permissible under CPL 30.30. With regard to the 46-day
adjournment from December 19, 2002 to February 3, 2003, the
motion court was incorrect in ruling that it was excludable as a
holiday recess.

"[T]he burden rests on the People to clarify, on the record,
the basis for the adjournment so that on a subsequent CPL
30.30 motion the court can determine to whom the adjourn-
ment should be charged" (*People v Liotta*, 79 NY2d 841, 843
[1992]). The transcribed minutes for the December 19, 2002
court appearance fail to support the People's assertion in their
underlying motion papers that the case was conferenced that
day for outstanding discovery issues. Rather, the minutes reflect
that defendant's assigned counsel was present and assured the
court that he had received all discovery and files to which he
was entitled, while another assistant district attorney (A.D.A.)
was standing in for the assigned trial assistant. When the court
remarked, "What we need is a date for hearings and trial," and
asked if the assigned trial assistant was available to proceed,
the A.D.A., far from stating that she was ready, stated "She
returns the first full week in January, after the third. The first
two weeks of January are very busy for her, trial wise." The
court settled on February 3.

This interchange clearly establishes that the People were not
ready to proceed on December 19, 2002, and would not be ready
until after the first two weeks of January. Although the motion
court referred in its decision to its "awareness" that "no jurors
were available during this period," there is no indication of the
period to which this purported unavailability applied. If there
was some understanding among defense counsel, the A.D.A. and
the trial court as to the need for and purpose of the adjourn-
ment, the People failed to uphold their burden of clarifying that
understanding for the record (*see People v Liotta*, 79 NY2d at
843). On the record before us, given the People's apparent in-

ability to proceed to trial on that appearance date and until at least mid-January, any unavailability of jurors for the holiday period cannot possibly justify the exclusion of this entire 46-day period.

I note that here, as in many prosecutions where the right to a speedy trial becomes an issue, a closer monitoring of the passage of time might have avoided the need for dismissal. Moreover, while it is always crucial to keep track of the extent and nature of the delays, the better practice, on the part of both the trial court and the District Attorney's office, is to ensure that the need for and purpose of the adjournments, and whether or not the time is chargeable to the People, are clearly articulated on the record.

Accordingly, the order of the Supreme Court, Bronx County (Troy K. Webber, J.), entered June 8, 2004, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, should be affirmed.

BUCKLEY, P.J., NARDELLI, WILLIAMS and CATTERSON, JJ., concur.

Order, Supreme Court, Bronx County, entered June 8, 2004, affirmed.