THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MENA, Appellant. [813 NYS2d 721]—

Judgment, Supreme Court, New York County (Gregory Carro, J., on motions; Charles H. Solomon, J., at hearing; Richard D. Carruthers, J., at jury trial and sentence), rendered December 8, 2003, convicting defendant of two counts of kidnapping in the first degree and sentencing him to concurrent terms of 15 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was a lengthy chain of circumstantial proof connecting defendant with the kidnapping, including, among other things, testimony that defendant, who was present during the abduction, handed the abductors the keys to his car, did not call the police, and was in

telephone contact with the abductors during the period the victim was confined, while ransom demands were being made. It was rational for the jury to infer from the evidence (*see People v Bierenbaum*, 301 AD2d 119 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]) that defendant was in collusion with the victim's abductors. We note that at trial defendant failed to raise any claim with respect to the sufficiency of the evidence bearing on the additional mens rea requirement of Penal Law § 135.25 (2). Nor does he raise such a claim on appeal, or argue that his conviction of that offense was against the weight of the evidence.

Further, the motion court properly denied defendant's speedy trial motion. The People satisfied their burden of proving that the November 13, 2002 and January 15, 2003 adjournments were consensual through an affirmation from defendant's former attorney and the transcripts of the respective court appearances (*see* CPL 30.30 [4] [b]). Additionally, although the motion court found otherwise, we have the authority to rule that the March 5, 2003 adjournment should have been excluded from statutory speedy trial calculation (*see People v Salgado*, 27 AD3d 71 [2006]). The transcript of this court proceeding clearly establishes that this adjournment was consented to by defense counsel.

Defendant's contention that he was deprived of a fair trial because the prosecutor made improper comments during summation is unpreserved for appellate review, and we decline to review it in the interest of justice. Defendant either failed to object with specificity, or failed to request further curative instructions after an objection was sustained. Were we to review defendant's claims, we would find that the People's remarks in summation did not shift the burden of proof. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and McGuire, JJ.