[992 NYS2d 634]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v CHOUROUK
BETKA, Defendant.

Criminal Court of the City of New York, Queens County, September 16, 2014

## APPEARANCES OF COUNSEL

*Queens Law Associates*, Forest Hills (*Joseph Welsh* of counsel), for defendant.

*Richard A. Brown, District Attorney*, Kew Gardens (*Karlton Jarrett* of counsel), for plaintiff.

## OPINION OF THE COURT

DAVID M. HAWKINS, J.

Defendant is charged with, inter alia, making an apparently sworn false statement in the second degree (Penal Law § 210.35), a class A misdemeanor. By motion dated July 28, 2014, defendant moves to dismiss the accusatory instrument on speedy trial grounds (CPL 30.30 [1] [b]; 170.30 [1] [e]). The People have submitted papers in opposition to defendant's motion. The court finds that the People are charged with 135 days, and defendant's motion to dismiss is granted.

A motion to dismiss a criminal court information must be granted when a defendant is charged with a misdemeanor, punishable by a sentence of imprisonment of more than three months, and the People are not ready for trial within 90 days of the commencement of the criminal action (CPL 30.30 [1] [b]). In order to be ready for trial pursuant to CPL 30.30, the statement of readiness must appear on the record, and it must declare a present readiness to proceed to trial (*People v Kendzia*, 64 NY2d 331 [1985]). Since defendant is alleging a delay of more than 90 days, the People have the burden of demonstrating certain time is excluded pursuant to CPL 30.30 (4) (*People v Santos*, 68 NY2d 859 [1986]; *People v Berkowitz*, 50 NY2d 333 [1980]).

The only issue before the court concerns the 47-day delay between June 11, 2014 and July 28, 2014. The People have conceded that 86 days from defendant's arraignment on October 22, 2012 to June 11, 2014 and two days from July 28, 2014 to July 30, 2014 are chargeable to the People; thus, the People have conceded 88 days.

Defendant avers that on June 11, 2014 the People answered not ready for trial, and they did not request a specific adjourn date. The court adjourned the case to July 28, 2014, instructing

the People to serve and file a certificate of readiness if they were to become ready. The People did not file a certificate of readiness. On July 28, 2014, the People announced not ready for trial. The 47-day delay is not excludable; thus, 135 days are chargeable to the People.

The People maintain that on June 11, 2014 they announced not ready for trial, claiming their witness was in the custody of the U.S. Immigration and Customs Enforcement (ICE). The People contend that they requested a good cause adjournment, and the court reserved decision. The case was adjourned to July 28, 2014. The witness was released from ICE custody shortly before July 28, 2014. On July 28, 2014, the People announced not ready for trial. The 47-day delay should be excluded due to "exceptional circumstances" (CPL 30.30 [4] [g]); thus, 88 days are chargeable to the People.

CPL 30.30 (4) (g) states that the court must exclude:

"[D]elay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period."

The People reason:

"The complaining witness's appearance and testimony certainly constitutes evidence material to the People's case, and because the People only discovered that the complaining witness was in immigration custody *three days* prior to the trial date there was not a sufficient amount of time for the People to exercise due diligence in locating the complaining witness and obtaining his appearance through the federal government. In the end, such a process was not necessary as the complainant was released from immigration custody shortly before the next date."

The People must exercise due diligence to render a witness available to testify before claiming an exclusion (CPL 30.30 [4] [g]). The unavailability of a prosecution witness could be grounds for a delay due to exceptional circumstances if the People attempted with due diligence to render that witness procurable. The People have the burden of proving that their

witness was in fact unavailable at any time, and that they endeavored to make their witness available. If a witness becomes available, the People must exercise due diligence in obtaining the presence of that witness for trial. (*People v Zirpola*, 57 NY2d 706 [1982].)

In the case at bar, the witness was alleged to have been in ICE custody on June 11, 2014 and the court did not grant the People a good cause adjournment. A witness in ICE custody is available to the People, and the People must attempt to secure the witness's presence for trial before claiming an exclusion (CPL 30.30 [4] [g]). The People do not claim to have pursued any statutorily prescribed methods of obtaining their witness from ICE custody.* To the contrary, the People assert that they did not have to exercise due diligence to procure their witness; "such a process" was not necessary as the witness was released from ICE custody before the next date.

Moreover, the People did not provide the court with the date that their witness was released from ICE custody, nor did they exercise due diligence to procure him for trial even after he was released from ICE custody. With two days of speedy trial remaining, the People had the burden of establishing that their witness was unavailable even though he had been released from ICE custody before the next court date. It is the People's obligation to be aware of the status of their witness and to announce their readiness as early as possible (*Kendzia*, 64 NY2d 331).

Based upon a review of the court file, the motion of defendant, and the response of the People, the court finds that the People were not ready for trial on June 11, 2014. The People acknowledged that their witness was in ICE custody. The court adjourned the case to July 28, 2014 and ordered the People to serve and file a certificate of readiness if they were to become ready. The People did not pursue any statutorily prescribed methods of obtaining their witness from ICE custody. Their witness was released from ICE custody before July 28, 2014 and the People did not file a certificate of readiness at that time. On July 28, 2014, the People answered not ready for trial. Therefore, this period of time is not excluded; the People failed to exercise due diligence to procure their witness for trial (CPL 30.30 [4] [g]). The People are charged 47 days for this time period.

---

* U.S. Immigration and Customs Enforcement, Protecting the Homeland: Tool Kit for Prosecutors (Apr. 2011), available at https://www.ice.gov/doclib/about/offices/osltc/pdf/tool-kit-for-prosecutors.pdf.

Accordingly, the People are charged with 135 days. This amount is greater than the 90-day period mandated by CPL 30.30 (1) (b); defendant's right to a speedy trial has been violated and his motion to dismiss the information is granted.