■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DRU ALLARD, Appellant. [11 NYS3d 190]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered June 9, 2010, convicting him of menacing in the second degree as a hate crime (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Parker, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the denial (Walsh, J.), without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial. By decision and order of this Court dated January 8, 2014, the case was remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial, and the appeal was held in abeyance in the interim (*see People v Allard*, 113 AD3d 624 [2014]). The Supreme Court, Kings County (Chun, J.), has conducted the hearing and submitted its report to this Court.

Ordered that the judgment is reversed, on the law, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an order in its discretion pursuant to CPL 160.50.

In the instant felony case, the People were required to be ready for trial within six months after the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Henderson*, 120 AD3d 1258 [2014], *lv granted* 25 NY3d 951 [2015]), here, within 181 days. The Supreme Court originally determined that only 168 days were chargeable to the People, finding, without a hearing, that the period from July 27, 2007, through August 28, 2007, was not chargeable to the People.

At the hearing on remittitur concerning the period from July 27, 2007, through August 28, 2007, the People failed to demonstrate that the 32-day period must be excluded from the time charged to them on the ground of "exceptional circumstances" inasmuch as they failed to show that they "attempted with due diligence to make the [complainant] available" (*People v Zirpola*, 57 NY2d 706, 708 [1982]; *see* CPL 30.30 [4] [g]; *People v Stanley*, 275 AD2d 423 [2000]; *People v Figaro*, 245 AD2d 300 [1997]; *People v Thomas*, 210 AD2d 736 [1994]; *People v Boyd*, 189 AD2d 433, 437 [1993]; *cf. People v Morgan*, 259 AD2d 771, 772 [1999]; *People v Belgrave*, 226 AD2d 550 [1996]).

The People's claim that, alternatively, the delay between July 27, 2007, and August 28, 2007, must be excluded under CPL 30.30 (4) (b) is unpreserved for appellate review (*see* CPL 470.05 [2]). Contrary to their contention, this is not an argument that "could not have been countered by [the defendant] had it been raised in the trial court" (*Sega v State of New York*, 60 NY2d 183, 190 n 2 [1983]; *see People v Mucciolo*, 104 AD2d 905, 907 [1984]).

Since the time chargeable to the People exceeds 181 days, the defendant's motion to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial should have been granted.

In light of our determination, we do not reach the defendant's remaining contentions. Skelos, J.P., Leventhal, Sgroi and Cohen, JJ., concur.