■ The People of the State of New York, Appellant, v Steven Gonzalez, Respondent. [26 NYS3d 39]—

Order of the Supreme Court, Bronx County (Michael A. Gross, J.), entered on or about December 17, 2014, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously affirmed.

Defendant was charged in a felony complaint dated June 9, 2013 with criminal possession of a weapon in the second degree and related offenses after he was found in possession of a pistol on that date. He was subsequently indicted on October 10, 2013 for criminal possession of a weapon in the second and fourth degrees and criminal possession of a firearm.

On the night of the incident, the officer who was involved in the arrest and the recovery of the weapon filed a report requesting a laboratory examination of the gun. The People assert that on June 13, 2013, the assigned assistant requested DNA testing, but offer no documentary proof in support of this claim. In any event, the gun was not received for testing by the Medical Examiner's Office until January 17, 2014, more than seven months later. On March 28, 2014, the Medical Examiner's Office issued a report concluding that DNA testing on the gun indicated that results could be compared with DNA samples from defendant. By motion dated March 28, 2014, the People sought to compel a saliva swab from defendant in order to develop a DNA profile. Defendant opposed and filed a cross motion for a protective order on April 14, 2014.

Prior to the court's ruling on the issue, the People announced on April 21, 2014, "We can meet our burden of proof without DNA if we have to, so we can be ready on May 1 without DNA results if absolutely necessary." The court adjourned the matter to June 9, 2014, for decision on the People's motion and defendant's cross motion. The People did not object to the court's adjournment for decision, nor did they request that the case be adjourned for trial.

On June 9, 2014, the court rendered its decision, granting

the People's motion to compel defendant to provide a DNA sample, and adjourned the matter to September 15, 2014, based on the People's statement that it takes two to three months for an analysis. The sample was taken from defendant on June 13, 2014, and on August 22 2014, the ADA sent copies of the results of the DNA testing to defense counsel.

The People announced on September 15, 2014, that they had received the results of the DNA testing and that the saliva sample taken from defendant matched the swab that was collected from the gun. The case was adjourned to October 15, 2014, for hearings and trial.

By motion dated October 16, 2014, defendant moved to dismiss the indictment pursuant to CPL 30.30 and 210.20 (1) (g) on the ground that the People had violated his right to a speedy trial. The People conceded 124 days, which included the five-day period from June 9, 2013, when the defendant was arraigned, to June 14, 2013, when the case was held for grand jury action, as well as the 53-day period from that date to August 6, 2013, when the case had not yet been presented to the grand jury. They also conceded that the subsequent 64-day period was chargeable to them since they still had not presented the case to the grand jury, and that the following two-day period was also chargeable to them since they were not ready for trial.

The issue on this appeal is whether the time period during which the People were awaiting the results of DNA testing was excludable from the People's chargeable speedy trial time as an "exceptional . . . circumstance" (CPL 30.30 [3] [b]). Because the People failed to exercise due diligence to obtain the DNA evidence, the court correctly found that the 98-day interval between the date on which the court granted the motion to compel a DNA exemplar from defendant (June 9, 2014) and the date on which the People announced the results of that testing (September 15, 2014) was not excludable under CPL 30.30.

Pursuant to CPL 30.30 (4) (g), periods of delay caused by "exceptional circumstances" are excludable from the time charged to the People; the People have the burden of proving the existence of an exceptional circumstance (see People v Zirpola, 57 NY2d 706 [1982]). CPL 30.30 (4) (g) (i) specifically makes excludable a continuance "granted because of the unavailability of evidence material to the People's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period." Under this provision, the unavailability of DNA test results can be

considered an exceptional circumstance, so long as the People exercised due diligence to obtain the results (*People v Williams*, 244 AD2d 587 [2d Dept 1997], *lv denied* 91 NY2d 899 [1998]).

Acknowledging that "[t]here is no precise definition of what constitutes an exceptional circumstance," the Court of Appeals has made clear that the exception to the rule must conform to the legislative intent of discouraging prosecutorial inaction (*see People v Price*, 14 NY3d 61, 64 [2010] [internal quotation marks omitted]; *People v Washington*, 43 NY2d 772, 774 [1977] [for delay to qualify as exceptional circumstance, the People must demonstrate that their "inability to proceed is justified by the purposes of the investigation and credible, vigorous activity in pursuing it"]; *People v Clarke*, 122 AD3d 765 [2d Dept 2014], *lv granted* 25 NY3d 950 [2015]; *People v Wearen*, 98 AD3d 535, 538 [2d Dept 2012], *lv denied* 19 NY3d 1106 [2012]; *People v Rahim*, 91 AD3d 970, 972 [2d Dept 2012]).

Here, the firearm was recovered on June 9, 2013 (the day of defendant's arrest), and swabs from the firearm were taken that very night. Nevertheless, the OCME did not receive the swabs until January 17, 2014, more than seven months after defendant's arrest. The People did not establish that they communicated with the OCME or otherwise attempted to obtain DNA evidence during the seven-month period. As a result of this inaction, the People did not move to compel a DNA sample from defendant until March 28, 2014, almost 10 months after his arrest. It is the responsibility of the People "to be cognizant of the progress of a particular case" (*see People v Fuggazzatto*, 96 AD2d 538, 540 [2d Dept 1983], *mod on other grounds* 62 NY2d 862 [1984]).

The People's argument that the time between June 9, 2014 and September 15, 2014 should be excluded nonetheless because on April 21, 2014 they made a "plain statement of readiness" has no merit. On that date, the People merely stated that they could proceed to trial without DNA "if we have to," and that they "[could] be ready on May 1 [2014] without DNA results if absolutely necessary." They did not provide a reason for their request of a specific date of May 1. Such a conditional statement of possible future readiness is in no way a "plain statement of readiness" (*People v Kendzia*, 64 NY2d 331, 337 [1985] ["(CPL 30.30) contemplates an indication of present readiness, not a prediction or expectation of future readiness"]; *see also People v Liotta*, 79 NY2d 841, 843 [1992] ["[T]he burden rests on the People to clarify, on the record, the basis for the adjournment"]; *compare People v Wright*, 50 AD3d 429 [1st Dept 2008] [People's unequivocal announcement of present

readiness was not illusory, notwithstanding the fact that the People were still gathering forensic evidence to strengthen their case], *lv denied* 10 NY3d 966 [2008]). Indeed, on June 9, 2014, when the case was on for decision on the motions, the People were silent about their trial readiness. In response to the court's inquiry as to how long the People needed for the analysis, the ADA stated, "In my experience it's usually two or three months, Your Honor." The court then adjourned the case to September 15, 2014, "for control purposes." The People did not object to the court's adjournment, or request that the case be adjourned for trial rather than for control purposes. The People also remained silent about their trial readiness on September 15, 2014, and did not indicate that they could be ready for trial without the DNA results.

Accordingly, the People were properly charged 98 days for this period, for a total of 222 days, which is beyond the statutory period of 183 days. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.