■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO RICART, Appellant. [60 NYS3d 30]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at speedy trial motion; Ruth Pickholz, J. at jury trial and sentencing), rendered October 7, 2014, convicting defendant of attempted murder in the second degree and assault in the first degree, and sentencing him to an aggregate term of 15 years, reversed, on the law, defendant's CPL 30.30 motion granted, and the indictment dismissed.

The People were required to be ready for trial within 183 days after the commencement of the action. The motion court denied defendant's 30.30 motion, finding that the People were chargeable with 181 days. On appeal, the People concede that they should have been charged with 12 additional days that, if added to the total charged by the court, would require dismissal. The People argue that the judgment should nevertheless be affirmed because the court overcharged them by including periods that should have been excluded.

The motion court properly determined that the 17 disputed days between August 5, 2013 to September 17, 2013 were chargeable to the People. The motion court also properly determined that 13 days between July 23 and August 5, 2013 were chargeable to the People, as conceded by the People below. When these days are added to those the People concede on appeal, the total exceeds the People's speedy trial time, regardless of the other disputed periods.

Pursuant to CPL 30.30 (4) (g), periods of delay caused by "exceptional circumstances" are excludable from the time charged to the People; the People have the burden of proving the existence of an exceptional circumstance (*see People v Zirpola*, 57 NY2d 706 [1982]). CPL 30.30 (4) (g) (i) specifically makes excludable a continuance "granted because of the unavailability of evidence material to the [P]eople's case, when

the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period." While the unavailability of a witness may be an exceptional circumstance within the contemplation of the statute, the People are required to demonstrate that they "attempted with due diligence to make the witness available" (*Zirpola*, 57 NY2d at 708). Due diligence requires that the People "undertake 'credible, vigorous activity' to make the witness available" (*People v Figaro*, 245 AD2d 300, 300 [2d Dept 1997], quoting *People v Washington*, 43 NY2d 772, 774 [1977]).

As the People concede, the mere fact that a necessary witness plans to go on a vacation does not relieve them of their speedy trial obligation (*see People v Boyd*, 189 AD2d 433, 437 [1st Dept 1993], *lv denied* 82 NY2d 714 [1993] ["the absence from the country of a witness . . . during this popular vacation month (of June) can hardly be regarded as exceptional"]; *People v Thomas*, 210 AD2d 736, 737-738 [3d Dept 1994] ["that the case was adjourned to accommodate the witness's vacation schedule . . . does not constitute an 'exceptional circumstance' "]; *see also People v Allard*, 128 AD3d 1081, 1082 [2d Dept 2015], *affd* 28 NY3d 41 [2016]). "[I]t is the responsibility of the People to be cognizant of the progress of a particular case" (*People v Gonzalez*, 136 AD3d 581, 583 [1st Dept 2016] [internal quotation marks omitted]).

The court properly determined that the People failed to exercise the necessary due diligence. The People knew that their cooperative witness was planning a vacation to the Dominican Republic, yet they failed to call him or to otherwise secure his presence before he left the country. The prosecutor admitted that although learning of the witness's proposed vacation plans on July 25, 2013, and being specifically asked by the witness to contact him the next day to discuss the trial schedule and his proposed vacation, no one from the District Attorney's office tried to contact the witness until July 30, 2013, at which time they learned he had already left on vacation. Although the witness indicated a willingness to work with the prosecutor on scheduling his vacation and had not yet bought his ticket to the Dominican Republic, the prosecutor never subpoenaed the witness, sought a material witness order, or even communicated with him prior to his departure.

The People do not seriously dispute the proposition that their witness's vacation plans do not relieve them of their speedy trial obligations. Instead, they argue that because the prosecutor learned "sometime" before the July 30, 2013 trial date that

the defense was going to request an adjournment, the July 30, 2013 date was not firm and the People therefore were not required to exercise due diligence to secure the witness's presence. Accepting the People's reasoning, the dissent excludes the entirety of the period from July 30, 2013 through August 22, 2013.

We reject the People's argument. The People do not dispute that they were aware of the witness's vacation before the adjourn date and that they did nothing to prevent it or to work with the witness to schedule the vacation as he suggested. Under the People's interpretation, they should be permitted to turn a blind eye to a witness's proposed vacation, and then, once the witness has left the country, assert that the time was excludable as an "exceptional circumstance." This is gamesmanship we surely ought not to endorse.

The People's contention that the defense requested a one-week adjournment on July 30, 2013 due to the unavailability of defense witness is not borne out by the record. The record shows that on that date the prosecutor suggested that the case be adjourned for a week in order to accommodate a defense witness. The defense clarified, however, that it "[did not] have a witness," and that it "was actually the prosecution's witness who was not available until the next week." Under these circumstances, the seven days from July 30, 2013 through August 5, 2013 were properly chargeable to the People.*

We accordingly find that the prosecutor failed to exercise the requisite due diligence, and that the period between July 23 and August 22, 2013 (i.e., the witness's vacation) was not excludable as an exceptional circumstance. Concur—Manzanet-Daniels, Moskowitz and Kapnick, JJ.

Friedman, J.P., and Webber, J., dissent in a memorandum by Webber, J., as follows: I respectfully dissent. In my opinion, the motion court properly denied defendant's speedy trial motion.

In this case, the People were required to be ready for trial within 183 days after the commencement of the action. The motion court denied defendant's 30.30 motion, finding that the People were chargeable with 181 days. On appeal, the People concede that they should have been charged with additional days that, if added to the total charged by the court, would require dismissal. The People argue, and I agree, that the judgment should nevertheless be affirmed because the court

---

* The dissent's calculation of 177 days under this scenario does not take into account the six additional days from July 30, 2013 through August 5, 2013.

overcharged them by including periods that should have been excluded.

This Court has the authority to review the calculations presented to the motion court and to decide whether the court's calculations and determinations were correct (*see People v Mena*, 29 AD3d 349 [1st Dept 2006], *lv denied* 7 NY3d 792 [2006]; *see also People v Salgado*, 27 AD3d 71 [1st Dept 2006], *lv denied* 6 NY3d 838 [2006]). In doing so, I find that while there were errors in calculation, defendant's motion pursuant to CPL 30.30 was properly denied.

On October 11, 2012, the People stated that they were not ready to proceed because the arresting officer was unavailable. They requested the case be adjourned to October 16, 2012. Defense counsel indicated that October 16, 2012 was inconvenient and requested that the case be adjourned to November 1, 2012.

Hurricane Sandy struck the New York Metropolitan area on or about October 29, 2012. As a result, all courts were closed from October 29, 2012 through November 5, 2012. All cases appearing on the calendar during this period were adjourned. The instant case was administratively adjourned to November 20, 2012. While the motion court correctly excluded the period after October 29, 2012, as a delay due to an exceptional circumstance, it charged the People from October 11, 2012 to October 29, 2012, a total of 18 days. Clearly, the People should only have been charged from October 11, 2012 to October 16, 2012. Thus, 13 days should have been excluded.

In computing the time within which the People must be ready for trial, the court must exclude "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]). On October 11, 2012, the People specifically requested October 16, 2012. It was defendant's request that the case be adjourned to November 1, 2012. Thus defense counsel's consent was "clearly expressed" (*People v Smith*, 82 NY2d 676, 678 [1993]; CPL 30.30 [4] [b]; *see People v Barden*, 27 NY3d 550, 554-556 [2016]). Defense counsel actively participated in setting the adjourn date, sought a date longer than the date requested for his convenience, and actually requested the selected date (*see e.g. People v Davis*, 80 AD3d 494, 495 [1st Dept 2011]; *People v Matthews*, 227 AD2d 313 [1st Dept 1996], *lv denied* 88 NY2d 989 [1996]).

The motion court also improperly charged the People 13 days for the time period of July 23, 2013 to August 5, 2013. The record reflects that on July 23, 2013, the People stated that they

were not ready to proceed to trial and requested a one week adjournment. The case was adjourned to July 30, 2013. On July 30, 2013, the People stated that they were ready to proceed to trial. It was noted by the parties that there was a witness[1] who would be potentially unavailable due to a scheduled vacation if the case were immediately sent out to trial. When asked by the court if the case should be adjourned to a date the following week to accommodate this potential witness, defense counsel acquiesced, stating, "[Y]es." The case was then adjourned to August 5, 2013.

While defendant argues that the defense neither consented to, nor requested the adjournment for purposes of accommodating a potential witness, they do not dispute that on July 30, 2013, the People stated that they were ready to proceed to trial. Given the statement of readiness by the People, they should not have been charged any time and this additional six day period should have been excluded.

Finally, I find that the motion court improperly included the period from August 5, 2013 to August 22, 2013, a total of 17 days. This period should have been excluded pursuant to CPL 30.30 (4) (g), due to the unavailability of a necessary witness. The People demonstrated that they exercised due diligence to make the witness available, in that they made credible and reasonable attempts to secure the witness's presence (*see People v Carpenito*, 199 AD2d 522 [2d Dept 1993]).

On July 25, 2013, in anticipation of the July 30, 2013 trial date, the witness was contacted. At that time he was told that although the case was set for July 30, 2013, it would probably not proceed on that date due to the unavailability of a potential defense witness. The witness indicated that he had tentative travel plans to visit family in the Dominican Republic. He did not state the exact dates of travel. As the People were unaware of the new trial date, he requested that he be contacted as to the new date. Following the July 30, 2013 trial date, it was learned that the witness had traveled to the Dominican Republic and would not be returning until August 22, 2013. The People learned this through conversations with the complaining witness and family members.

While certainly the witness should have been asked as to his travel schedule and his available dates, the failure to inquire does not mean that the People did not exercise due diligence. The People had been in contact with the witness days before.

---

1. The People stated that it was not their intent to call this individual as a prosecution witness. The defense stated that if the People did not call the individual as a witness they may "possibly" do so.

They were aware that the witness was still willing to testify at trial. They knew he was planning a vacation, but did not know his exact travel plans. This was not the situation where the People had lost contact with the witness or learned that the witness was no longer cooperating (*see People v Figaro*, 245 AD2d 300 [2d Dept 1997]; *cf. People v Khan*, 146 AD2d 806 [2d Dept 1989], *lv denied* 73 NY2d 1021 [1989]).

There is no legal support for the argument, as set forth by the majority, that the failure of the People to subpoena the witness, obtain a material witness order or apparently to direct his immediate return from the Dominican Republic constituted a failure on their part to exercise due diligence. Further, contrary to the majority's assertion, this finding of due diligence is not permitting the People to turn a blind eye to a witness's proposed vacation or condoning "gamesmanship."

However, even assuming the majority is correct and the People did not establish due diligence in securing the presence of the witness, the inclusion of this period is academic as the People would still be charged with less than the applicable 183 days.[2]

---

**2.** If the 17 day period from August 5, 2013 to August 22, 2013 were excluded, the People would be charged 160 days. If it were included, the People would be charged 177 days.