People v Friday (2018 NY Slip Op 02367)





People v Friday


2018 NY Slip Op 02367


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

108107

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAHRELL FRIDAY, Also Known as JAY, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Paul J. Connolly, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered December 17, 2015, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
Defendant was charged in an indictment with offenses relating to, among other things, an August 2014 incident wherein he possessed and intended to sell crack cocaine to a confidential informant. Following a jury trial, he was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree due to the August 2014 incident. County Court sentenced
defendant, as a second felony drug offender, to an aggregate prison term of seven years to be followed by postrelease supervision of three years. Defendant now appeals.
We reverse. "The People are obliged to declare their readiness for a felony trial within six months of the commencement of a criminal action, a period that is 'determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion'" (People v Rousaw, 151 AD3d 1179, 1179 [2017], quoting People v Cortes, 80 NY2d 201, 208 [1992]; see CPL 30.30 [1] [a]; People v Barden, 27 [*2]NY3d 550, 553 [2016]). Defendant moved to dismiss the indictment on statutory speedy trial grounds and argued that, although the People declared readiness for trial in a timely manner, they subsequently obtained a three-week adjournment of the trial that was not excludable and pushed them over the six-month limit. The People adequately set forth "the cause of [this postreadiness] adjournment[]" in their opposing affirmation and at a hearing on defendant's motion, stating that they needed to secure the testimony of a police detective about his role in the investigation but could not do so at the trial as originally scheduled due to his mandatory involvement in a training program (People v Stirrup, 91 NY2d 434, 440 [1998]; see People v Liotta, 79 NY2d 841, 843 [1992]; People v Alcequier, 15 AD3d 162, 163 [2005], lv denied 4 NY3d 851 [2005]).
Delay is excluded from chargeable time if caused by extraordinary circumstances where "the People for practical reasons beyond their control cannot proceed with a legally viable prosecution" (People v Price, 14 NY3d 61, 64 [2010]; see CPL 30.30 [3] [b]; [4] [g]; People v Zirpola, 57 NY2d 706, 708 [1982]). "The unavailability of a prosecution witness may be a sufficient justification for delay, provided that the People attempted with due diligence to make the witness available" (People v Zirpola, 57 NY2d at 708 [citations omitted]; see CPL 30.30 [3] [b]; [4] [g] [i]; People v Ricart, 153 AD3d 421, 422 [2017]; People v Thompson, 118 AD3d 922, 923 [2014]). County Court heard testimony from the witness with regard to the mandatory training program, and he stated that he did not know how often the training was offered and did not try to resolve the scheduling conflict between the training and the trial aside from telling the prosecutor about it. The witness further testified that he could miss up to 12 hours of the training program and that he would have tried to make arrangements if he had been directed to testify on a certain date. The People, in contrast, knew that the training was locally offered twice a year and did not set forth any effort on their part to learn whether the witness could switch to another training offering or work around the scheduled training prior to seeking the adjournment. Due diligence requires the People to undertake "'credible, vigorous activity' to make the witness available" and, inasmuch as that effort is totally lacking here, the adjournment was not motivated by extraordinary circumstances so as to exclude it from the time chargeable to the People (People v Figaro, 245 AD2d 300, 300 [1997], quoting People v Washington, 43 NY2d 772, 774 [1977]; see People v Ricart, 153 AD3d at 422; People v Allard, 128 AD3d 1081, 1082 [2015], affd 28 NY3d 41 [2016]; People v Robbins, 223 AD2d 735, 737 [1996], lvs denied 88 NY2d 940, 941 [1996]).
The People suggest, in the alternative, that defense counsel consented to the adjournment when he offered his condolences to the prosecutor for a recent loss in her family and told her to ask if her family situation required accommodation (see CPL 30.30 [4] [b]). It suffices to say that an offer to consider accommodating the People for one reason did not "clearly express[]" defense counsel's consent to an adjournment sought without his knowledge for an unrelated reason (People v Smith, 82 NY2d 676, 678 [1993]; see People v Liotta, 79 NY2d at 843; People v Miller, 113 AD3d 885, 887-888 [2014]). Thus, the time properly charged to the People exceeded 180 days, defendant's statutory right to a speedy trial was violated and his motion to dismiss the indictment on that basis should have been granted.
Defendant's remaining contentions are academic.
Garry, P.J., McCarthy, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.