People v Beason (2025 NY Slip Op 05598)

People v Beason

2025 NY Slip Op 05598

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

720 KA 23-00325

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TASHAD BEASON, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (James E. Walsh, Jr., J.), rendered December 19, 2022. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the motion dated March 23, 2022, seeking to dismiss the indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]), defendant contends, inter alia, that Supreme Court erred in denying his motions seeking to dismiss the indictment on statutory speedy trial grounds (see generally CPL 30.30 [1] [a]). The People correctly concede that the court (Schiano, Jr., J.) erred in denying the motion dated March 23, 2022, so we now reverse.
"Where a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action" (People v Flowers, 234 AD3d 1347, 1347 [4th Dept 2025], lv denied 43 NY3d 1045 [2025]; see CPL 30.30 [1] [a]; People v Shammah, 229 AD3d 1250, 1250 [4th Dept 2024]). "The statutory period is calculated by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (Shammah, 229 AD3d at 1250 [internal quotation marks omitted]). "Once a defendant has shown the existence of a delay greater than six months, the People bear the burden of proving that certain periods within that time should be excluded" (id.).
Here, the People conceded during motion practice that there were 168 days of prereadiness delay chargeable to them. The People announced readiness in July 2021 and, subsequently, a combined Huntley and Mapp hearing was held on December 8, 2021. After two officers from the Rochester Police Department testified at that hearing, the prosecutor stated that a third officer was "currently not allowed to come to court due to an ongoing investigation by the Attorney General's Office." The prosecutor said that he was unsure of "who" was telling the officer "not to come to court." The court thus adjourned the hearing and, ultimately, the officer testified on January 10, 2022, i.e., 33 days later.
On appeal, the People have correctly conceded that the 33-day adjournment to secure the officer's testimony constitutes "a period of unreasonable delay" and is chargeable to them [*2](People v Gonzalez, 266 AD2d 562, 563 [2d Dept 1999], lv denied 94 NY2d 920 [2000]; cf. People v Ricart, 153 AD3d 421, 422 [1st Dept 2017], appeal dismissed 31 NY3d 1074 [2018]), thus resulting in a total of more than six months of delay chargeable to them (see Shammah, 229 AD3d at 1250). The People failed to establish that they exercised due diligence, i.e. " 'credible, vigorous activity' to make the witness available" (People v Figaro, 245 AD2d 300, 300 [2d Dept 1997], quoting People v Washington, 43 NY2d 772, 774 [1977]; see generally CPL 30.30 [4] [g]; People v Zirpola, 57 NY2d 706, 708 [1982]).
We therefore conclude that defendant's March 23, 2022 motion should have been granted and, as a result, the judgment must be reversed and the indictment must be dismissed. In light of our determination, defendant's remaining contentions are academic.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court